## KNOX v. WOODS.

An account audited against the city of San Francisco, but not paid at the time the Con-
solidation Act went into effect, need not again be audited to entitle it to payment.
The salaries of teachers, under the Consolidation Act, should be paid in the same man-
ner as other claims against the treasury.

APPEAL from the District Court of the Twelfth Judicial Dis-
trict, City and County of San Francisco.

The plaintiff was employed as a teacher in the common schools
of San Francisco, and made out her accounts for salary for the
months of May and June, 1856, which were duly audited and al-
lowed, under the provisions of the law as then existing. After
the Consolidation Act took effect, she presented those audited
demands to the defendant, treasurer of the city and county of
San Francisco, for payment; which being refused, she applied
to the Twelfth District Court for a writ of mandate. That Court
granted a peremptory writ, and the defendant appealed to this
Court.

*F. P. Tracy* for Appellant.

*Wm. W. Crane* for Respondent.

BURNETT, J., after stating the facts, delivered the opinion of
the Court—FIELD. J., concurring.

By the provisions of the third, sixth, seventh, thirteenth, and
twenty-seventh sections of the act of 1855, to establish common
schools, the school-moneys distributed to the various counties of
this State, from the State school-fund, are specially set apart, in
the hands of the county treasurers, for the payment of the sala-
ries of qualified teachers. And, by the provisions of the second
section of the Consolidation Act, the fund remains a special fund
for the same purpose, in the hands of the treasurer of the city
and county of San Francisco.

The first question . raised by the record is, whether a claim
audited but not paid, before the Consolidation Act took effect,
and according to the then existing law, must be again audited

in accordance with the provisions of that act, before the treasurer can be required to pay the same.

The eighty-second section of the Consolidation Act provides, that "no payment can be made from the treasury, or out of the public funds of said city and county, unless the same be specifically authorized by this act, nor unless the demand which is paid be duly audited, as in this act provided, and that must appear upon the face of it." The mode provided for auditing demands against the treasury, by the act, is very different from that existing under previous acts.

This language, although general and comprehensive, must be construed with reference to the general interest of the act. And when we do this, it would seem that it was not the intention of the Legislature to require that to be done over again, which had already been well done. The provision was intended to apply to all claims to be audited after the act took effect, and no claims were required to be again audited, which had been properly audited before. When the claims of the plaintiff were properly audited, they became conclusive against the county, and it could not have been the intention of the Legislature to again subject them to the discretion of other officers, by whom they might have been rejected. Unless the language of the act was so clear, as to admit of no doubt, we could not be justified in supposing the Legislature intended any such unreasonable consequences.

The question has been raised by the learned counsel for the respective parties, whether the fund received in each year shall be specially paid only to the teachers during that year. There is nothing specific in the act establishing common schools, in reference to this question.

But, from the general provisions of the Consolidation Act, it would seem, that the salaries of teachers should be paid in the same order as other claims against the treasury. By the eighty-eighth section, the treasurer is required to pay every duly audited demand upon the treasury on presentation, if there be sufficient money in the treasury belonging to the proper fund; but if there be not sufficient money, then the demand should be registered in a book, to be kept by the treasurer for that purpose, and then returned to the party presenting it. And by the provisions of section ninety-six, all demands having been presented to, and registered by, the treasurer, shall be paid out of any moneys afterwards coming into the treasury, and applicable thereto, in the order in which the same were registered. In the ninety-fifth section, to which a reference is made in the ninety-sixth, there is a detailed specification in fifteen different subdivisions of the *objects* for which payments may be made out of the treasury; and among the objects thus mentioned, are the salaries of teachers in the common schools. From this, it is

clear, that the provisions of the eighty-eighth and ninety-sixth sections, apply as well to the salaries of teachers, as to any other demands upon the treasury.

The defendant having received some seven thousand eight hundred and thirty-nine dollars of school-moneys from the State Treasurer, on the first of July, 1856, and first of January, 1857, and there being no prior outstanding claims against the fund at the time the claims of plaintiff were presented, it was his duty to have paid the same.

Judgment affirmed.