[No. 10,394.]

## Ex Parte H. A. NEWTON.

LICENSES IN SAN FRANCISCO.—The Act of March 30th, 1872, to increase and facilitate the collection of licenses in San Francisco, was not repealed or abrogated by the Codes.

SAME—POLITICAL CODE.—The provision of sec. 3363 of the Political Code, to the effect that all moneys collected for licenses under the provisions of that chapter shall be paid into the general fund of the county, is applicable to the City and County of San Francisco.

SAME—ACT OF MARCH 27TH, 1878.—The Act of March 27th, 1878, to facilitate and equalize the collection of licenses in the City and County of San Francisco, regulates the rates of license to be collected by the city and county, and is a valid exercise of powers by the Legislature.

HABEAS CORPUS. The petitioner was arrested for carrying on the business of buying and selling gold and silver coin and bullion, without procuring the "Banker's License" required by sec. 3 of the Act entitled "An Act to facilitate and equalize the collection of licenses in the City and County of San Francisco," approved March 23rd, 1878. (Stats. 1877–8, p. 442.)

He asked to be discharged from imprisonment upon the ground that the act was unconstitutional.    The further facts are stated in the opinion.

*S. Heydenfeldt, Jr., & J. E. McElrath*, for Petitioner.

*Wm. M. Pierson, Contra.*

By the COURT:

The Act of March 30th, 1872, to increase and facilitate the collection of licenses in San Francisco, (Stats. 1871–2, p. 736) was not abrogated or repealed by the Codes.    The act, though passed at the same session as the Codes, was retained in full force and effect by the provisions of secs. 4478 and 4479 of the Political Code.    The act provided, among other things, that all licenses, whether provided for by law or by the orders of the Board of Supervisors of the city and county, should be collected by the Collector of Licenses and his deputies; and also that persons transacting any business, etc., required by law to be licensed, without having procured a license therefor, should be deemed guilty of a misdemeanor, and on conviction thereof should be punished as provided in the act.

We are also of the opinion that the provision of sec. 3363 of the Political Code, to the effect that all moneys collected for licenses under the provisions of the chapter containing that section shall be paid into the general fund of the county, is applicable to the City and County of San Francisco.    The provisions of subds. 1, 2, and 25 of sec. 19, Political Code, continuing in force acts incorporating or chartering municipal corporations and consolidating cities and counties, and in relation to taxation for local purposes, do not prevent the above-mentioned provision of sec. 3363 from taking effect in the City and County of San Francisco.    The provision for the payment of those funds into the treasury of the city and county does not impair or interfere with the operation of the acts mentioned in those subdivisions of sec. 19.

The Act of March 27th, 1878, (p. 424) to facilitate and equalize the collection of licenses in the City and County of

San Francisco, is regarded by one of the counsel for the petitioner as applicable to licenses for State purposes alone ; while the other counsel for the petitioner and the counsel for the People consider it as regulating and equalizing only licenses for city and county purposes. The first section provides that " every person, firm, or corporation engaged in carrying on, pursuing, or transacting, within the limits of the City and County of San Francisco, any business, trade, profession, occupation, or employment hereinafter specified, shall pay license as therein provided." The act then provides for brokers', bankers', merchandise, retail liquor dealers', auctioneers', livery stable, and theater licenses ; and classifies the same, and fixes the rate to be paid by each class. There is no provision in the act similar to those usually contained in acts providing for licenses for State purposes, by which power is granted to the municipal authorities to levy or collect licenses for municipal purposes, or recognizing the existence of such power ; nor does the act provide for the disposition of the funds collected under its provisions. The act, when considered in connection with the provisions of the Political Code above mentioned, must be regarded as regulating and equalizing licenses for city and county purposes only.

No valid objection is urged to the exercise of such power by the Legislature. The municipality possesses only such power in regulating or collecting licenses as may be granted by the Legislature. It may be granted or withheld, and.if granted, it may be subject to such conditions or limitations as the Legislature may prescribe. It cannot be doubted that the maximum rates may be fixed by law ; and if the Legislature possesses that power it would seem equally clear that the precise rates may be determined in the same manner. A municipality has no inherent power, by virtue of its existence as a municipality, to impose a license upon business, but its power in this respect comes from the Legislature, and must be found in the organic act, or necessarily inferred from the powers therein expressly granted.

The Act of March 27th, 1878, repealed by implication or abrogated all existing provisions, whether of law or of the orders or ordinances of the city and county, fixing the rates of license

to be paid by those conducting the several kinds of business enumerated in the act, and the rates of license therein fixed became the rates thereafter to be collected by the city and county. The act, in our opinion, is not in contravention of any provision of the Constitution.

Prisoner remanded.