[No. 8,059.—In Bank.]
March 30, 1882.

NEWTON MORGAN v. STEWART MENZIES ET AL.

UNDERTAKING ON ATTACHMENT—CITY AND COUNTY—CITY.—Section 1058, C. C. P.—providing that no bond, written undertaking or surety can be required of the State or the people of the State, or any state officer in his official capacity, or "any County, City or Town" in any civil action or proceeding in which they are parties, etc.—applies to the City and County of San Francisco.

ID.—ID.—ID.—DEFINITION.—The term City includes in its signification City and County.

ID.—ID.—ID.—COMMON LAW BOND—ILLEGAL CONSIDERATION—POLICY OF THE LAW.—An attachment undertaking given by the City and County in a suit in which it is plaintiff, is in contravention of the policy of the law, and therefore void as a common law bond.

ID.—BREACH OF CONDITION—PLEADING—SURETIES.—In an action against the sureties in an undertaking, the condition of the undertaking was that if the defendant recovered judgment the plaintiff would pay all costs that might be awarded to the said defendant, and all damages which he might sustain by reason of said attachment, not exceeding, etc.; but there was no averment in the complaint that the plaintiff had not paid, or even that a demand had been made.

Held: The complaint was fatally defective.   The breach of the contract being obviously an essential part of the cause of action must in all cases be stated in the declaration; and the omission to allege a breach can not be aided or cured even by verdict.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the City and County of San Francisco. WILSON, J.

W. C. Burnett and E. E. Haft, for Appellants.

The language of the undertaking is, that the City and County of San Francisco shall pay all damages, and is in effect but a conditional contract to pay if the city does not. As the able counsel for respondent said, upon the argument, "they agreed to pay if the city didn't."

It therefore imposes necessary precedent obligations upon the plaintiff—

1. That the city shall be placed in such a condition that it can lawfully pay.

2. That such obligation being fulfilled, it be requested to pay or its refusal alleged.

3. That it shall appear by the complaint that it has not been paid.

By the Statutes of 1863–64, pages 152, 153, all demands against the city and county must be presented to the Board of Supervisors within one year, and until such presentation is made the city can not pay.   Such claim could only be presented by Newton Morgan, the plaintiff.   His neglect to do so is a neglect to put either principal or surety in default. The principal, because it prevented him from paying, and the surety because he was only obligated in default of the principal.   His failure to do so for one year operated as a bar in favor of the city and put it out of its power to make default, and as a logical consequence operated as a bar in favor of the sureties.

The principal not having been in default, the guaranty was not broken, and an action could not be maintained against the sureties.   (De Colyer on Guaranties and Principal and S. 215, 216; Brandt on Sureties and Guaranties, Secs. 1, 82 and 83.)

The principal was never put in default.   The time had expired before the commencement of the action in which the principal could have been put in default or proceedings taken against it, and the claim was barred against the principal. (*Parnell* v. *Hancock*, 48 Cal. 452; *Pinney* v. *Hershfield*, 1 Montana, 367; *Holcomb* v. *Foxworth*, 34 Miss. 266; *Sledge* v. *Lee*, 19 Ga. 411; *Goodman* v. *Allen*, 8 La. Ann. 381; *Ferry* v. *Burchard*, 21 Conn. 597; *Ohio* v. *Blake*, 2 Ohio State Rep. 147; *Farmers'* etc. *Bank* v. *Kingsley*, 2 Doug. (Mich.) 379; *Stull* v. *Davidson*, 12 Bush, (Ky.) 167; *Evans* v. *Raper*, 74 N. C. 639; *Blackburn* v. *Beall's Exect'r.*, 21 Md. 208; Burge on Suretyship, 3, 6.)

The undertaking on attachment on which this action is based was taken without authority and contrary to law, no undertaking being required of the City and County. (C. C. P. § 1058.)   We therefore claim that the undertaking is void. (*Benedict* v. *Bray*, 2 Cal. 251; *Caffrey* v. *Dudgeon*, 38 Ind. 512; *Byers* v. *The State ex rel.* Hutchison, 20 Ind. 47; *Thompson* v. *Lockwood*, 15 Johns. 256.)

Although Sec. 1058 does not in exact language exempt the

City and County, yet by a reasonable and fair construction it must be intended to include it.

We admit, that where the statutes authorize the taking of a bond upon attachment, though the formalities in the preparation of the bond may not have been pursued, the bond may be good as a common law bond. But we maintain that if a bond is unauthorized or forbidden by law, the bond taken will be void as to the sureties. The cases with perhaps one exception cited by the respondent, only go to the effect that a bond authorized by law will be good as a common law bond, though the formalities of the statutes are not pursued in the preparation thereof. This exception is the case of *Barnes* v. *Webster*, 16 Mo. 259.

This old case may be construed to maintain that a bond not authorized by law is yet good as a common law bond. It seems to stand alone on this question. That it was an ill considered case is evident from the language quoted from it by the counsel for the respondent: "It was needless to cite authorities to support that proposition."

*G. F. & Wm. H. Sharp*, for Respondents.

Appellants are undoubtedly sureties as to the City and County of San Francisco, but as to respondents, they are principals. The undertaking as between the parties to it is an original contract. *(Frankel* v. *Stern*, 44 Cal. 168; *Curtis* v. *Richards*, 9 id. 33; *Murdock* v. *Brooks*, 38 id. 604; *Aud* v. *Magruder*, 10 id. 288–9; *City of Sacramento* v. *Dunlap*, 14 id. 423 (last section.)

Independent of authority, this must necessarily be so, on principle. Before the relation of guarantor or surety could exist as to Morgan, he must have a cause of action alike against both principal and guarantor or surety, and his cause of action must be identical, involving *equal right* and *equal damages*, with the right or election to proceed against the one or the other.

The City and County not being a party to the undertaking, is not obliged to respond under it, and could not be sued by respondent on it.

Hence we say, that a cause of action arises at once against appellants, as principals, on their undertaking upon a recov-

ery of a judgment by respondent. (*Brown* v. *Brown*, 7 Ind. Rep. 485; *Abercrombie* v. *Knox*, 3 Ala. Rep. 728; Baylies on Suretyship, § 12, pp. 24, 111–12.)

If the undertaking be, as claimed by appellants, a contract of guaranty, they would be in no better condition. (C. C. §§ 2806, 2807, 2808, 2810 and 2837.)

If a guaranty at all, it is an absolute one; and that being the case, guarantor not entitled to demand of payment or notice of failure to perform his obligation. (*Voltz* v. *Harris*, 40 Ill. 155; *Dickerson* v. *Derrickson*, 39 id. 574; *Vinal* v. *Richardson*, 13 Allen, 521.)

Respondent claims and insists that the contract of appellant is a contract of indemnity. (C. C. §§ 2780, 2772; *Christ* v. *Burlingame*, 62 Barb. 351; *Canfield* v. *Bates*, 13 Cal. 606; *Baker* v. *Cornwall*, 4 id. 15; *McMillan* v. *Dana*, 18 id. 339; *Doughty* v. *Neal*, 1 Saund. 216 and note; *Mounsey* v. *Drake*, 10 John. 25.)

If an obligor undertakes for the act of a stranger, he must procure the act to be done, or do it himself. He can not require the obligee to assume any part of the burden that he has made his own. (*Hesketh* v. *Gray*, 1 Sawyer, 185; *Villars* v. *Palmer*, 67 Ill. 204; *McKecknie* v. *Ward*, 58 N. Y. 541.)

A demand on the City and County was not necessary before suit against appellants upon their undertaking. (Brandt on Suretyship, 244, and cases cited; Baylies on Suretyship, 202 and 205, and cases cited; Civil Code, § 2823; *Browner* v. *Davis*, 15 Cal. 11; *Murdock* v. *Brooks*, 38 id. 604; *Churchill* v. *Abraham*, 22 Ill. 455; *Bruce* v. *Coleman*, 1 Handy, Ohio, 515; *Smith* v. *Eakin*, 2 Sneed. Tenn. 456; *Herndon* v. *Forney*, 4 Ala. 243; *Dickinson* v. *McGraw*, 4 Rand. Va. 158.)

If we had a claim against City and County, and it was barred, immaterial in suit against appellant on their obligation. (*Reeves* v. *Pulliam*, 4 Law and Eq. Reporter, 331; *McBroon* v. *Governor*, 6 Port. Ala. 32; Civil Code, § 2810; Brandt on Suretyship and Guaranty, § 392, and cases cited in note; *U. S.* v. *Sturges*, 1 Paine, 525; *Hunt* v. *U. S.*, 1 Gall. C. C. 32; *Phillips* v. *Solomon*, 42 Ga. 192; 5 Waits' Actions and Defenses, 85.)

Now it is required to aver non-payment by the City and County. Payment is a matter of defense. If unnecessary to

allege demand, it is certainly unnecessary to allege refusal to pay, especially as the appellants claim that the City and County could not pay until demand had been made upon claim presented to Board of Supervisors. (*Douglass* v. *Howland*, 24 Wend. 35; *Heebner* v. *Townsend*, 8 Abb. Pr. 234; *Noyes* v. *Nichols*, 28 Vt. 159; *Gage* v. *Lewis*, 68 Ill. 604.)

The City and County was in default when the judgment in the attachment suit was affirmed.

If Morgan ever had a cause of action against the City and County, it was for issuing an attachment maliciously, and without probable cause; and he could have commenced action when the judgment was affirmed. (*Parnell* v. *Hancock*, 48 Cal. 452; De Colyer on Guaranty, 61, 216.)

When the attachment in suit of *City and County* v. *Morgan* was issued (Sept. 1874) no statute existed exempting a City and County from giving an undertaking on attachments. Section 1058 C. C. P. was not amended until 1880 as to a " City and County " not being required to give the statutory undertaking in such cases.

An undertaking (not a statutory one) founded on a sufficient consideration is valid as a common law obligation. (*Palmer* v. *Vance*, 13 Cal. 553; *Dore* v. *Covey et al.* 13 id. 502.) Though a bond or undertaking is neither authorized or required by statute, not being against public policy, or violating a statute, it is valid on the obligors.   (Brandt on Suretyship, § § 15, 16 and 17; *Barnes* v. *Webster*, 16 Mo. 259; *Morse* v. *Hodsdon*, 5 Mass. 316; *Sheppard* v. *Collins*, 12 Iowa, 578; *Toland* v. *Sprague*, 12 Pet. U. S. 300; *Levy* v. *Fitzpatrick*, 15 Pet. U. S. 167.)

Having held the property under the attachment, the law estops the obligors from saying their contract was a *nudum pactum*. (*Hathway* v. *Davis*, 33 Cal. 161; *U. S.* v. *Bradley*, 10 Pet. U. S. 343; *Morse* v. *Hodsdon*, 5 Mass. 314; *Sumpter* v. *Wilson*, 1 Ind. 145.)

In the case at bar there is not a substantive defense set up in the answer. To same effect : *Sherry* v. *Foreman*, 6 Blackf. 56; *Speake* v. *U. S.*, 9 Cranch, 28 ; *Hazelsrigg* v. *Donaldson*, 2 Met. (Ky.) 445.

If demand, non-performance, or validity of undertaking are conditions precedent, they must be pleaded.   They are

not. Not being plead, they are cured by judgment. In *Happe* v. *Stout,* 2 Cal. 461, held: " where complaint stated a condition precedent, and failed to aver performance, the defect must be taken advantage of by demurrer in Court below. It is too late to urge such defect after verdict." (*Hentsch* v. *Porter,* 10 Cal. 535.)

No demurrer being interposed to the verified amended complaint, all defects, if any, in the complaint, are cured by the trial and judgment, except that it does not state facts showing sufficient to constitute a cause of action against appellants or either of them.

An analysis of the complaint will show that every allegation required under the foregoing authorities was properly pleaded.

MORRISON, C. J.:

The first question presented in this case, upon which it will be necessary for us to express an opinion, is the following: Were the sureties liable on the undertaking sued on?

The City and County of San Francisco commenced an action against Morgan to recover a certain amount of money which, it was claimed, he owed the plaintiff in that action, and procured a writ of attachment to be issued, which was levied on shares of mining stock, the property of Morgan. Before the writ was issued, defendant Menzies and one Ashbury (since deceased), executed an undertaking in the form prescribed by the statute, concerning attachments. The case of the City and County of San Francisco against Morgan terminated adversely to the City and County, and the case we are now considering was the result.

The undertaking is in the sum of fifteen thousand dollars, and the judgment in the Court below was for that amount against the sureties on the undertaking. From that judgment, as well as from an order denying a motion for a new trial, this appeal is prosecuted.

At the time the undertaking sued on was executed, Section 1058, C. C. P., read as follows; " In any civil action or proceeding wherein the State or the people of the State is a party plaintiff, or any State officer, in his official capacity, or on behalf of the State, or any county, city or town, is a party

plaintiff or defendant, no bond, written undertaking or security can be required of the State, or the people thereof, or any officer thereof, or of any county, city or town; but, on complying with the other provisions of this Code, the State, or the people thereof, or any State officer acting in his official capacity, have the same rights, remedies and benefits as if the bond, undertaking or security were given and approved as required by this Code."

It is claimed that the foregoing section does not apply to the City and County of San Francisco, because that form of consolidated government designated and known as a city and county is not mentioned in the statute. It would be unfortunate if Section 1058 required such a construction. But it does not, as was substantially held in the case of *The People* v. *Hoge*, 55 Cal. 612. The Court in that case had under consideration Section 8 of Art. xi of the new Constitution, which provides that any city containing a population of more than one hundred thousand inhabitants may frame a charter, and it was held applicable to the City and County of San Francisco. Again, Section 2920 of the Political Code speaks of the City and County of San Francisco in the first part of the section, and in the latter part thereof refers to it as a city or town; and by Section 3901 of the same Code it is declared that "A county is the largest political division of the State, having corporative powers." The Court decided in *Knox* v. *Woods*, 8 Cal. 545, that "an account audited against the City of San Francisco but not paid at the time the Consolidation Act went into effect, need not again be audited to entitle it to payment."

There is nothing in principle or reason that should exempt the City and County of San Francisco from the operation of the section referred to. It constitutes one of the largest political subdivisions of the State, possessing and exercising all the powers of a county government, and is as much such a government as any county in the State. We, therefore, feel no hesitation in asserting that the City and County of San Francisco is embraced in Section 1058 of the Code of Civil Procedure. To entitle it, therefore, to an attachment against the property of Morgan it was only required to file the complaint and affidavit prescribed by the Code of Civil Procedure,

and thereupon it became the duty of the Clerk to issue the writ. The undertaking filed in the case was not, therefore, a statutory undertaking.

But it is contended, on behalf of respondent, that it was as good as a common law bond. We are familiar with the cases which hold that a voluntary bond may be binding as a common law obligation, in the absence of any statute requiring the execution of a bond. In *Sheppard and Morgan* v. *Collins*, 12 Iowa, 570, the Court says: "Nor does it follow that a bond is necessarily invalid, though not authorized by statute. It will be good as a common law bond, when it does not contravene public policy nor violate a statute, and be binding on the parties to it." To the same effect and in almost the same language, is the case of *Barnes* v. *Webster*, 16 Mo. 258.

But it is unnecessary for us to multiply authorities upon this point, as the undertaking in this case, was, in our opinion, against the policy of the law. The policy of the law requires that the State shall be allowed to sue out an attachment without giving a bond or undertaking, and the Code has placed the city and county upon the same footing. There was no authority in the officer (the Clerk) to take the bond, but, on the contrary, it was his duty to issue the writ without it; there was no consideration for the undertaking, it was given in contravention of the policy of the law, and was therefore void. (See *McCoy* v. *Briant*, 53 Cal. 247; Dillon's Municipal Corporations, Sec. 447.)

Second—But there is another defense presented by the record which is equally fatal to the maintenance of plaintiff's action. The conditions of the undertaking is, that " we, the undersigned residents of the City and County of San Francisco, in consideration of the premises and of the issuing of this attachment do jointly and severally undertake in the sum of fifteen thousand dollars, and promise to the effect that if the said defendant recovers judgment in said action, the said plaintiff will pay all costs that may be awarded to the said defendant and all damages which he may sustain by reason of said attachment, not exceeding the sum of fifteen thousand dollars, together with a reasonable attorney's fee."

It will be observed that the undertaking on the part of the defendants is that the *plaintiff* in the action will pay, and

there is no averment in the complaint that it has not paid, or that even a demand has been made. There is not, therefore, any averment in the complaint of a breach which would give the plaintiff in this case a right of action against the defendants on the undertaking. "The breach of the contract being obviously an essential part of the cause of action, must in all cases be stated in the declaration." (Chitty on Pleading, 332; 1 Saunders on Pleading and Evidence, 216); and the omission of a breach cannot be aided or cured even by verdict. (1 Chitty on Pleading, 327.)

Judgment and order reversed,

SHARPSTEIN, MYRICK, MCKEE, ROSS, and THORNTON, JJ., concurred.