[No. 10,922.   Department Two.— February 8, 1884.]

## EX PARTE EMIL MOYNIER ON HABEAS CORPUS.

CONSTITUTIONAL LAW — LAUNDRIES — POLICE AND SANITARY REGULATIONS. — An ordinance of the city and county of San Francisco, approved June 25, 1883, declared it to be unlawful for any person to establish, maintain, or carry on the business of a public laundry or wash-house where articles are cleansed for re, within certain named limits, without first obtaining a certificate from the health officer that the premises are sufficiently drained, and that the business can be carried on without injury to the sanitary condition of the neighborhood, and a certificate from the board of fire wardens, that the heating appliances are in good condition, and that their use is not dangerous to the surrounding property. It further provided that no person or persons owning or employed in such laundries or wash-houses shall wash or iron clothes between the hours of ten o'clock P. M. and six o'clock A. M., nor upon any portion of the day known as Sunday. *Held,* that these are police or sanitary regulations, and are not in conflict with the fourteenth amendment of the Constitution of the United States, nor with sections 1, 11, or 24, of article i. of the Constitution of California.

APPLICATION for a writ of habeas corpus.

The facts are stated in the opinion of the court. .

*Wilson & Perry,* and *Thos. D. Riordan,* for Petitioner. .

The ordinance is in violation of the Constitution of the State and the Federal Constitution. (Const. Cal. art. i., § 1; Const. Cal. art. i., § 11; Const. Cal. art. i., § 21; Const. U. S. 14th Amdt.) It is discriminating and special. (*Ex parte Andrews,* 18 Cal. 678; *Ex parte Bird,* 19 Cal. 130; *Ex parte Burke,* 59

Cal. 6; *Ex parte Koser*, 60 Cal. 190.)    It discriminates between residents of different parts of the city.    It discriminates between different classes of persons engaged in the business, and is not therefore of general and uniform operation.    (*Ex parte Wester-field*, 55 Cal. 550; *Ex parte Koser*, 60 Cal. 191.)    It deprives a man of the inalienable right to labor, and hence the right to acquire property.    (*Drew* v. *Smith*, 38 Cal. 329; *In re Parrott*, U. S. Cir. Ct. 5 Pac. C. L. J. Supplement.)    If the business be a nuisance *per se*, the Code affords ample remedy.    (Code, Civ. Proc. § 731; Civ. Code, §§ 3479–3481, 3491, 3501; P. Code, 370, 372.)    But the business is not a nuisance *per se*. (*In re Quong Woo*, U. S. Cir. Ct. 9 Pac. C. L. J. 815.)

*Alfred Clarke*, for Respondent.

The ordinance is within the powers conferred by law upon the board of supervisors.    (Stats. 1861, p. 544; Stats. 1863, p. 540; Stats. 1871–72, p. 736; Const. Cal. art. xi., § 11; *Bourland* v. *Hildreth*, 26 Cal. 162; *Ex parte Andrews*, 18 Cal. 678; *Coates* v. *The Mayor and Alderman of the City of New York*, 7 Cowen, 585; *Vanderbilt* v. *Adams*, 7 Cowen, 349; *Van Wormer* v. *Mayor of Albany*, 15 Wend. 253; *Cooper et al.* v. *Metropolitan Board of Health*, 32 How. Pr. 107·; *Ex parte Shrader*, 33 Cal. 297; *Ex parte Kealing*, 38 Cal. 702; *Ex parte Delaney*, 43 Cal. 478; *Ex parte Ah Loy*, 57 Cal. 92; *Commonw.* v. *Alger*, 7 Cush. 85; *Thorpe* v. *The Rutland & Burlington R. R. Co.* 27 Vt. 149; *Ex parte Cassinello*, 62 Cal. 538; *Ex parte Ah Sing*, 59 Cal. 404; *Ex parte Chin Yan*, 60 Cal. 78; *In re Stuart*, 61 Cal. 374; Dillon on Mun. Corp. 255, *et seq*.; *Ex parte Frank*, 52 Cal 609.)

Myrick, J. — The prisoner was arrested and is in custody for a violation of section 4, of order No. 1719, of the board of supervisors of the city and county of San Francisco.    The ordinance was approved June 25, 1883.    Section 4 declares that "no person or persons owning or employed in the public laundries or public wash-houses provided for in section 1 of this order shall wash or iron clothes between the hours of ten o'clock P. M. and six o'clock A. M., nor upon any portion of that day known as Sunday."    Section 1 declares it to be unlawful for

any person to establish, maintain, or carry on the business of a public laundry or wash-house, where articles are cleansed for hire, within certain named limits, without having first obtained a certificate from the health officer that the premises are sufficiently drained, and that the business can be carried on without injury to the sanitary condition of the neighborhood, and a certificate from the board of fire wardens, that the heating appliances are in good condition, and that their use is not dangerous to the surrounding property.

The petitioner claims that the order is void, in that it conflicts with the fourteenth amendment of the Constitution of the United States, and with sections 1, 11, and 21, of article i., of the Constitution of this State.

We do not see that the enforcement of this order would abridge the privileges or immunities of citizens of the United States, or that it would deprive any person of liberty or property without due process of law, or deny to any person in this State the equal protection of the laws.

Section 1 of article i. of the Constitution of this State, declares that all men have the inalienable right of acquiring, possessing, and protecting property, and pursuing and obtaining safety and happiness. Section 11 of the same article declares that all laws of a general nature shall have a uniform operation, and section 21 declares that no citizen or class of citizens shall be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens.

We do not deem it necessary to go into an elaborate and extended consideration of the propositions advanced, nor to do more than quote another section of the State Constitution, and show its application to the subject in hand.

Section 11 of article xi. provides that "any county, city, town, or township, may make and enforce within its limits, all such local, police, sanitary, and other regulations as are not in conflict with general laws."

That the regulations of the order are as to portions (perhaps all) police regulations, and as to some sanitary, we have no doubt. Those portions of the order relating to safety from fire are police regulations; that relating to drainage may also be classed as police, and is sanitary; that relating to drainage is

also sanitary. It is true, all persons may acquire, possess, and protect property, and may pursue and obtain safety and happiness; but these rights must be exercised with reference to the rights of others; and whenever it is necessary for the health or protection of members of the community that regulations should exist and be enforced, the power is given by the Constitution to local authorities to make and enforce such regulations. We cannot say that proper drainage in carrying on the laundry business is not necessary to health; neither can we say that property is secure from fire if proper precautions are not taken.

The order is not discriminating and special in any such sense as to make it repugnant to the Constitution. Its terms apply to all persons establishing, maintaining, or carrying on the business of a public laundry or public wash-house, where articles are cleansed for hire, within certain limits. It is no more special and discriminating than the prohibition of the storage of powder, or the slaughtering of animals, both of which may be necessary to be done, but for the regulation of which the power is unquestioned. We cannot say the limits prescribed in the Code are not proper limits for public health and safety. As to the provisions of section 4 of the order, which the petitioner was charged with having violated, we cannot say it is not necessary, for the proper police and sanitary condition of the city, that the business referred to should cease during the hours from ten o'clock P. M. to six o'clock A. M., and during the day known as Sunday.

The petitioner is remanded.

MORRISON, C. J., and THORNTON, J., concurred.