[No. 10,957.    Department Two. — May 26, 1884.]

## EX PARTE A. O. WOLTERS ON HABEAS CORPUS.

Regulating Sale of Spirituous Liquors — License — Constitutional Law. —
    The board of supervisors of a county has power, by section 11 of article xi. of the Constitution, to regulate the sale of spirituous liquors within the county, by imposing a license tax.

Application for writ of habeas corpus. The ordinance imposing the license in this case was passed by virtue of the Act of the legislature of March 14, 1883, known as the County Government Act. There was nothing to indicate whether it was for the purpose of revenue, or regulation, or for both. The other facts appear in the opinion of the court.

*A. L. Rhodes, Edward J. Pringle,* and *Milton E. Babb,* for Petitioner, contended that the legislature has no power to delegate to the boards of supervisors of the several counties, the right to raise revenue by a license tax; that article xiii. of the Constitution is a complete scheme of taxation, and that a license tax for the purposes of revenue is not within the scheme. (*People* v. *Naglee,* 1 Cal. 232; *People* v. *Coleman,* 4 Cal. 46; *People* v. *Martin,* 60 Cal. 153; Cooley Const. Lim. 4th ed. p. 245; *Mayor* v. *Second Ave. R. R. Co.* 34 Barb. 43; 32 N. Y. 261.)

*A. F. Jones,* and *Park Henshaw, Contra.*

There is no inherent vice in the taxation of avocations; on the contrary, business is as legitimate an object of taxation as property.

The power to "license and regulate" occupations includes the power to raise revenue for municipal purposes by means of license fees. (*Ex parte Frank,* 52 Cal. 606; *San Jose* v. *S. J. & S. C. R. R. Co.* 53 Cal. 481.)

There is nothing to indicate that the license tax imposed by the ordinance was not for the purpose of enforcing "local, police, sanitary, and other regulations," under section 11 of article xi. of the Constitution.

MORRISON, C. J.—The defendant was convicted of a misdemeanor, in violating order 8 of the board of supervisors of Butte County, and fined in the sum of one hundred and fifty dollars. He was charged with carrying on the business of retailing spirituous liquors without having first procured a license for that purpose, as required by order 8 of the board of supervisors of the proper county.

It was claimed, on the hearing of the petitioner's application for a discharge on habeas corpus, that the order of the board of supervisors, imposing the license in question, is in violation of certain provisions of the Constitution.

We do not think so.

By section 11, article xi., of the Constitution, it is expressly provided that "any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

It is very clear to us that the foregoing provision gives to the board of supervisors the power to regulate the sale of spirituous liquors within the county, and that therefore the regulation in question does not violate the Constitution.

Writ dismissed and petitioner remanded.

MYRICK, J., and THORNTON, J., concurred.

THORNTON J.—In concurring in the opinion in this case, I wish to add that the authority given by the twelfth section of the same article of the Constitution (art. xi.) is ample. The full power of taxation for county, city, town, or other municipal purpose is here given, subject to be controlled, it may be, to some extent, by general laws passed by the legislature. The power is not confined to taxes on property as such. The use of the word "assess" does not so restrict it. Assess means to fix directly by statute or ordinance, as well as to fix by valuation. (See Webster's and Worcester's Dicts., word "assess.") The general law and the ordinance are both within the limitations of

the organic law and valid.  The eleventh and twelfth sections, taken together, put this conclusion beyond a doubt.  (See *In re Stuart*, 61 Cal. 375.)

We find nothing in article xiii. of the Constitution in conflict with what is here advanced.  In my opinion, sections 11 and 12 of article xi. intended to give full power and authority to the local goverments over the subject of licenses, whether for purposes of regulation or revenue, subject to be controlled by general laws.  We find no force in the position that because article xiii. refers to taxation on property with the addition of taxation of incomes, and invests the legislature with power over taxation of such objects or subjects, that therefore the local political subdivisions are or can be limited to the same subjects.  The maxim, *expressio unius exclusio alterius*, of very infrequent application at any rate, and always to be cautiously invoked and applied, has no application here.  The general frame of the Constitution excludes it, and the rule of construction fixed by the Constitution itself in section 22 of article i. forbids it.

Hearing in Bank denied.