[No. 20,063. Department Two.—February 23, 1885.]

# EX PARTE JAMES H. MOUNT, ON HABEAS CORPUS.

LICENSE—MUNICIPAL CORPORATIONS—CITY OF OAKLAND.—The act of April 24, 1862, amending the charter of the City of Oakland, empowers the city council to pass an ordinance requiring a license to be obtained by every person, firm, or corporation who, at a fixed place of business, sells any goods, wares, or merchandise, and to prescribe a penalty for a refusal to comply therewith. Such power is also conferred upon the municipality by section 11, article xi., of the constitution.

APPLICATION for a writ of *habeas corpus*.

The facts are sufficiently stated in the opinion of the court.

*Metcalf & Metcalf, John. M. Poston,* and *W. C. Belcher,* for Petitioner.

*C. S. Johns,* for Respondent.

MORRISON, C. J.—The petitioner alleges that he is unlawfully imprisoned and restrained of his liberty by the captain of police of the city of Oakland, and the officer, in his return to the writ of *habeas corpus* served on him, shows that he detains the petitioner under a warrant of arrest issued out of the police court of said city. The warrant recites a complaint under oath made against the petitioner, charging him with carrying on the business of selling goods, wares, and merchandise at a fixed place of business, in the city of Oakland, without first taking out a license to do so, in violation of an ordinance of the city, providing for and requiring such license.

In his application for a discharge, the petitioner makes the following points, and urges the following grounds:

1. That the city of Oakland has no power to collect or require a license from any kind or class of business, except such as are specified in section 5 of the charter of 1862.

2. That so much of section 5 as purports to authorize a license upon vendors of goods, wares, and merchandise, etc., is unconstitutional and void, and confers no power.

3. That if the power to require or collect a license exists, it cannot be enforced by penalty of fine and imprisonment.

In answer to the foregoing points made by the petitioner, respondent contends that the power to pass the ordinance and fix

the license imposed in the present case is vested in the municipal authorities, first, by the charter of the city of 1862 ; and, second, by sections 11 and 12 of article xi. of the constitution of 1879.

By the act of April 24, 1862, amendatory of a previous act, incorporating the city of Oakland, it is provided, in the section enumerating the powers and duties of the city council, that " they shall have power of licensing, taxing and regulating all such vehicles, business and employments as the public good may require, and as may not be prohibited by law."

And by section 52, p. 353, of the same act, it is provided that " Licenses shall be discriminating, and proportionate to the amount of business."

It is claimed that section 4 of the act simply provides that the city council shall have power to make regulations for licensing, taxing, and regulating all such vehicles, business and employments as the public good may require," but that it contains no express grant of power either to issue or grant, or to require a license to collect any money or tax therefor. But we are of opinion that the power of regulating or to " make regulations " was sufficient, and that it carries with it and includes the power to pass an ordinance requiring a license to be taken out, as was done by the ordinance in question.

By section 4 of the act, power is conferred on the city council to affix penalties to the violation of any and all ordinances; such penalties shall be by fine not exceeding one hundred dollars, and in case the fine is not paid, then they may direct that the person may be imprisoned at the rate of one day for every two dollars of the fine imposed, etc.

Acting under the foregoing provisions of the law of 1862, the council of Oakland passed an ordinance providing that " every person or firm or corporation, who, at any fixed place of business, sells any goods, wares, or merchandise, whether on commission or otherwise (except such as are sold by auctioneers under license), must obtain from the license collector a license, and pay therefor the amount of money to be determined and regulated by the amount of sales made or business transacted." The ordinance then proceeds to graduate the amount of license required to be paid, in proportion and according to the amount of sales or business transacted by the person or firm.

LXVI. Cal.—29.

The petitioner does not dispute the due passage and approval of the ordinance, or that the warrant was properly issued and served, provided the ordinance is a valid one ; but he contends that there was no power or authority in the city council of Oakland to pass the ordinance in question: and secondly, that if the council did have the power to pass an ordinance of the kind in question, it had no power to attach a penalty for the refusal to comply with the same.

It seems to us very clear that the power exercised by the common council, and complained of in this case, was vested in that body by the act of 1862, amendatory of the city charter, and that the delegation of such power by the legislature was constitutional, is equally clear. It comes within what is known as a police power or regulation, and is properly vested in the municipality. (1 Dillon on Municipal Corporations, § 141 ; *Ex parte Hurl*, 49 Cal. 557; *Ex parte Newton*, 53 Cal. 571.)

In a recent decision of the Supreme Court of the United States, not yet officially reported, the question we are now considering underwent a full discussion, and the power here called in question was upheld as a police regulation, within the competency of any municipality possessed of the ordinary powers belonging to such bodies. (*Barbier* v. *Connolly*, Supreme Court United States, Jan. 5, 1885 ; 5 Supreme Court Rep. 357.)

The power to fix a penalty for a failure to comply with the ordinance is expressly conferred by section 4 of the article, and it was a proper exercise of power by the municipality. (1 Dillon on Municipal Corporations, § 353.)

But we think the second ground relied on by respondent in support of the ordinance is equally strong and unanswerable.

By section 2, article xi. of the constitution, it is provided " that any city, town, or township may make and enforce within its limits all such local sanitary and other regulations as are not in conflict with general laws." Here the delegation of power by the organic law is very broad and comprehensive, and we have had occasion in several cases to construe the foregoing section of the constitution.

In the case of *Ex parte Wolters*, 65 Cal. 269, the court said : " It is very clear to us that the foregoing provisions (§§ 11 and 12, art. xi., Constitution), give to the Board of Supervisors the

power to regulate the sale of spirituous liquors within the county, and that, therefore, the regulation in question does not violate the constitution." In his concurring opinion in the above case, Justice Thornton uses the following language, in which we agree with him : " In my opinion, sections 11 and 12 of article xi., intended to give full power and authority to the local governments over the subject of licenses, whether for the purpose of regulation or revenue, subject to be controlled by general laws."

To the same effect is the decision in the recent case of *Ex parte Moynier*, 65 Cal. 33; and other cases maintaining the same view of the law, might be cited, but the foregoing will suffice for the purposes of this opinion.

The writ is dismissed, and the petitioner remanded to the proper custody.

SHARPSTEIN, J., concurred.

THORNTON, J., concurring.—I concur in the judgment. It is unnecessary to decide whether the power with which the city council is, by the act of 1862, invested, springs from the police power, or the power to tax and raise revenue. The power is given, and can be amply given under either source of authority. (Const., art. ix., §§ 11 and 12.)