[L. A. No. 454.   Department Two.— March 17, 1898.]

COUNTY OF SAN LUIS OBISPO, Respondent, v. THERESA GREENBERG et al., Appellants.

COUNTY ORDINANCE — LICENSE TAX — GENERAL MERCHANDISE AND LIQUOR BUSINESS—CONSTRUCTION OF ORDINANCE.—A section of a county ordinance providing that every person, association, firm, or corporation who, at a fixed place of business, sells any goods, wares, or merchandise, and whose receipts amount to over fifteen hundred dollars per quarter, shall pay a license tax of fifteen dollars per quarter, is to be read together with a following section providing that every person, etc., mentioned in the preceding section that sells or gives away spirituous, malt, or fermented or mixed liquors, in any quantity whatever, must pay an additional tax of fifteen dollars per quarter, and the latter section is to be construed not as imposing a license tax for a single act of selling or giving away liquor, but for continuing acts in connection with, and as part of, a business.

Id.—Action to Recover License Tax—Admission of Liquor Business.—In an action to recover license taxes for a general merchandise and liquor business, where it is alleged and not denied that defendants were engaged in a general merchandise business at a fixed place of business in the county between certain dates, nine months apart, and that they also at said times and place sold fermented, malt, and mixed liquors in large quantities, it sufficiently appears that the action is to recover a license tax for a liquor business carried on in connection with the merchandise business, and not for any single act of selling liquor.

Id.—Merchandise—Tax Depending upon Amount of Receipts.—A provision of a county ordinance making the amount of a license tax for a general merchandise business depend upon the amount of the receipts from the business transacted is not unreasonable or unjust.

Id.—Attachment for License Tax—Validity of Ordinance Dispensing with Bonds.—A section of a county ordinance providing that in an action by the county to recover a license tax, a writ of attachment may issue without bonds, is in harmony with section 1058 of the Code of Civil Procedure, and section 3360 of the Political Code, and is not void as being a special law regulating the practice of courts of justice.

Id.—Regulation of Duties of Tax Collector and of Person Taking Out License.—A section of the ordinance prescribing the duty of a tax collector, and requiring each person about to take out a license, where the amount thereof depends upon the probable amount of his business during the ensuing quarter, to state under oath or affirmation what will be the probable amount of such business, and imposing a penalty if an underestimate is willfully made, being substantially in accord with section 3361 of the Political Code, is not invalid.

Id.—Regulation of Evidence—Severable Provision.—A section of the ordinance providing that upon the trial of any action authorized thereby, the defendant is deemed not to have procured the proper license, unless he produces it, or proves that he did procure it, if invalid, is severable from the other sections of the ordinance, and may be rejected without affecting them.

Id.—Void Provision as to Fund.—A section of the ordinance providing that license taxes collected must be apportioned and paid into the road fund of the several supervisorial districts from which the money was collected, is void as being in conflict with section 3363 of the Political Code, requiring all moneys collected for licenses to be paid into the general fund; but the void provision does not affect the section declaring that the license tax is imposed for purposes of regulation and revenue.

Id.—Void Provision as to Tax Collector—Collection by Suit.—A section of the ordinance providing for the appointment of a license tax collector by the supervisors, is invalid and void; but such invalid provision does not deprive the county of its general power to sue and enforce payment of the license in an action commenced and prosecuted by the district attorney.

Id.—Effect of Invalid Separable Provisions—Ordinance not Affected.—Where all of the provisions of an ordinance which can rightly be

claimed to be void for any reason are distinctly separable from the remainder, and after eliminating them the provisions remaining are sufficient to constitute a complete and valid ordinance, the ordinance must be upheld, rejecting only the invalid provisions.

ID.—SUFFICIENCY OF COMPLAINT—PASSAGE OF ORDINANCE.—A complaint in an action to enforce a license tax which alleged that the ordinance, a copy of which was attached to the complaint, was duly published, an inspection of the copy showing that it was passed by a vote of five supervisors, none voting against it, sufficiently imports that the ordinance was properly passed and published.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion.

V. A. & Paul M. Gregg, for Appellants.

F. A. Dorn, District Attorney, and Samuel V. Wright, for Respondent.

BELCHER, C.—This is an appeal by the defendants from a judgment entered against them in the superior court of San Luis Obispo county, and is brought here on the judgment-roll alone.

The action was commenced in a justice's court and transferred to the superior court, and its object was to recover from defendant the sum of ninety dollars, due to the plaintiff as a license tax, under and by virtue of a certain county ordinance, a copy of which was attached to the complaint.

It is alleged in the complaint that in February, 1892, the said ordinance was duly passed and published by the board of supervisors of said county; that at all times since April 1, 1896, until January 1, 1897, defendants have been continuously, and now are, engaged in the business of selling goods, wares, and merchandise, and conducting a general merchandise store, at a fixed place of business in said county and their receipts therefrom amounted to over fifteen hundred dollars per quarter; and they also at said times and place sold fermented, malt, spirituous, and mixed liquors in large quantities; that on or about the first day of April, 1896, and on the first day of each quarter thereafter, plaintiff through its county tax collector, duly demanded of defendants that they take out a county license for carrying on said business, as required by said ordinance, and tendered to defendants a

county license therefor, but said defendants then and there refused to accept said license, or to pay for any county license or any license tax, and have conducted and carried on said business continuously since the first day of April, 1896, without any county license, or payment of any license tax, in violation of the provisions of said ordinance, and now are indebted to plaintiff in the sum of ninety dollars for said county license tax.

The court found that these allegations were true, and that the said business was conducted and carried on by defendants in the city of San Luis Obispo in said county.

Appellants claim that the ordinance was void for several reasons, and therefore that they were not indebted to the plaintiff in any sum whatever, and the judgment should be reversed.

In the brief filed for appellants a large number of the sections of the ordinance are assailed, but many of them have no application to this case, and we shall therefore pass them by without special notice.

It is first claimed that section 12 is void because it "adds fifteen dollars to the tax of a merchant, and taxes the single act of selling or giving away liquor, and not the business." (Citing *Merced County v. Helm,* 102 Cal. 159.)

Section 11 of the ordinance provides that every person, association, firm, or corporation, who at a fixed place of business, sells any goods, wares, or merchandise, and whose receipts amount to over fifteen hundred dollars per quarter, shall pay a license tax of fifteen dollars per quarter. And section 12 provides that every person, association, firm, or corporation mentioned in the preceding section, that sells or gives away spirituous, malt, or fermented or mixed liquors, in any quantity whatever, must pay an additional tax of fifteen dollars per quarter.

These sections must be read together, and when so read, we think it clearly appears that the framers of the ordinance intended thereby to impose upon the merchant, who is engaged in selling goods at a fixed place of business, and who also in connection therewith, sells or gives away intoxicating liquors, an additional license tax for so doing. The tax is not imposed for a single act, but for continuing acts in connection with and as a part of a business. Here it was alleged and not denied that defendants also sold at their place of business "fermented, malt, spirituous, and

mixed liquors in large quantities." The case cited is therefore not applicable to this case.

Section 11 is not unreasonable or unjust because it makes the amount of the license tax depend upon the amount of the receipts from the business transacted. A similar provision in an ordinance was upheld by this court in *Ex parte Mount,* 66 Cal. 448. (And see *County of Amador v. Kennedy,* 70 Cal. 458.)

That part of section 20 which provides that a writ of attachment may issue without any bonds being given on behalf of the plaintiff, is not void because it is "a special law regulating practice in courts of justice." It is in harmony with the provisions of the codes. (Code Civ. Proc., sec. 1058; Pol. Code, sec. 3360.) "The policy of the law requires that the state shall be allowed to sue out an attachment without a bond or undertaking, and the code has placed the city and county upon the same footing." (*Morgan v. Menzies,* 60 Cal. 341.)

Section 21 cannot be held void because it prescribes the duty of a tax collector, nor because it requires each person, about to take out a license, and when the amount of the license tax depends upon the probable amount of business which he will do in the next three months, to state under oath or affirmation what will be the probable amount of his business, and imposes a penalty if an underestimate is willfully made. The section is substantially in the language of section 3361 of the Political Code, and is therefore not obnoxious to the objections urged against it.

It is claimed that section 22 is void because it provides a rule of evidence not in accord with the general laws, and is obnoxious to the provision of the constitution which declares that the legislature shall not pass local or special laws "regulating the practice of courts of justice." (Const., art. IV, sec. 25, subd. 3.)

The provision of the section is: "Upon the trial of any action authorized by this ordinance, the defendant is deemed not to have procured the proper license unless he produces it or proves that he did procure it." The language is the same as that used in section 3362 of the Political Code, and no such question appears to have arisen in this case. But, conceding that the section is void for the reasons stated, still it is severable from the other sections of the ordinance and may be rejected without affecting them. (*Ex parte Christensen,* 85 Cal. 208.)

Section 23 provides that the license taxes collected under the ordinance must be apportioned and paid into the road fund of the several supervisorial districts of the county from which the money was collected. This section is unquestionably void, for the reason that the statute (Pol. Code, sec. 3363) requires all moneys collected for licenses to be paid into the county treasury for the use of the general fund of the county. But this void section does not affect section 1, which declares that the license tax is imposed "for the purpose of regulation and revenue," that being the only purpose for which the board was authorized to pass the ordinance. (County Government Act, sec. 25, subd. 27; Stats. 1891, p. 295.)

Section 26 provides for the appointment of a license tax collector by the board of supervisors, and that he should collect, "as far as practicable, all license tax money which may become due under the provisions of this ordinance."

It was held in *County of El Dorado v. Meiss*, 100 Cal. 268, that a license tax collector is a county officer, and that an ordinance of the board of supervisors creating such an office is void, the duty of providing for the election or appointment of all necessary county officers being vested by the constitution exclusively in the legislature of the state. But it was also held that the right of a county to sue for the amount of a license tax fixed by a valid ordinance is not dependent upon the validity of part of the ordinance creating the office of tax collector and appointing a person to fill it; and the fact that the ordinance prescribes that suit shall be brought in the name of the county, by direction of the license tax collector named therein, and that the appointment of the tax collector under the ordinance is void, does not deprive the county of its general power to sue and enforce payment of the license.

"The license tax sought to be recovered in this action is not a penalty, but in the nature of a debt due from the defendant to the county, or, what is the same thing for present purposes, which can be enforced precisely as though he had contracted with the county to pay such sum of money." (*San Luis Obispo v. Hendricks*, 71 Cal. 242; *Sacramento v. Dillman*, 102 Cal. 107.) Section 26 must therefore be held void, but that fact cannot

affect this action, which was commenced and prosecuted by the district attorney.

Without pursuing further the points made by appellants as to the invalidity of the ordinance, we deem it enough to say that, in our opinion, all of its provisions, which can rightly be claimed to be void for any reason, are distinctly separable from the remainder, and after eliminating them the provisions remaining are sufficient to constitute a complete and valid ordinance. This being so, the ordinance must be upheld, "for nothing is better settled than that if the part of a law or ordinance which is invalid is distinctly separable from the remainder, the latter can stand and the former be rejected." (*Ex parte Christensen, supra; San Luis Obispo v. Pettit,* 87 Cal. 499; *Ex parte Haskell,* 112 Cal. 420.)

Finally, it is claimed that the complaint is insufficient and that the judgment cannot be sustained because it is not alleged in the complaint that the ordinance was published "with the names of the members voting for and against it," as required by the County Government Act. But the complaint did allege that the ordinance, a copy of which was attached to the complaint, was duly published; and an inspection of the copy shows that "the foregoing ordinance was passed by the following vote, to wit"; then setting out the names of five supervisors who voted for it, and that none voted against it.

This clearly imports that the ordinance was properly passed and published, and the point is without merit.

The judgment should be affirmed.

Searls, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.