[Civ. No. 2890. Second Appellate District, Division Two.—June 10, 1919.]

SAM KEE, Respondent, v. CHARLES L. WILDE, City Clerk, etc., Appellant.

HOP WAH, Respondent, v. CHARLES L. WILDE, City Clerk, etc., Appellant.

[1] MUNICIPAL CORPORATIONS — RESIDENCE DISTRICT ORDINANCE — RESTRICTION AGAINST WORKS AND FACTORIES—VALIDITY.—Municipal ordinances establishing a residence district and regulating and prohibiting the conducting and maintaining of works and factories where power other than animal power is used within the boundaries of said district, and prescribing the method of making and filing petitions for the establishing of industrial districts, are valid and constitutional.

[2] ID.—APPLICABILITY TO LAUNDRY BUSINESS.—Under a municipal ordinance establishing a residence district and regulating and prohibiting the conducting and maintaining of works and factories where power other than animal power is used within the boundaries thereof, the city officials are justified in refusing to prepare and issue a license for the conducting of a laundry within such prohibited district.

APPEALS from judgments of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Reversed.

The facts are stated in the opinion of the court.

2. Municipal regulations concerning location of laundries, note, 6 A. L. R. 1597.

Albert Lee Stephens, City Attorney, and Charles S. Burnell, Assistant City Attorney, for Appellant.

Dian R. Gardner for Respondent.

THOMAS, J.—These appeals are from judgments of the superior court of Los Angeles County on the judgment-rolls alone, ordering that peremptory writs of mandate issue commanding the city clerk of the city of Los Angeles to prepare and issue to the respective petitioners a license to conduct a laundry within a portion of the city set apart as a residence district. The issues are the same in both cases, and the pleadings, findings, and judgment are identical, save as to the name of the petitioner and the street address of his laundry. By stipulation, it is agreed that these two cases "may be presented, heard, and determined upon the same transcript and brief." The judgment-roll, accordingly, has been omitted from the transcript in the Hop Wah case.

The appellant has stated the case so well in his brief that we feel that we can do no better than to adopt his language as our statement of the case. This we do. It appears from the record before us that "the petition avers that respondent Charles L. Wilde is the city clerk, A. B. Conrad the city tax and license collector, and John S. Myers the city auditor of the city of Los Angeles, and their respective duties as prescribed by the charter are set forth. It is alleged that the petitioner is the lessee of a building at No. 241 North Figueroa Street (in the Hop Wah case petitioner's laundry was located in the same neighborhood), and is conducting a laundry therein, and that up to November 30, 1915, he paid the city a license of five dollars ($5) per month. The petition then sets forth section 3 of Ordinance No. 20,000 (new series) (known as the License Ordinance), providing that it shall be the city clerk's duty to prepare and issue licenses to persons liable under said ordinance to pay licenses, and to deliver said licenses to the auditor who shall sign and deliver them to the tax collector for collection. Section 81 of the same ordinance is also set forth, that section imposing a license of five dollars per month on persons conducting a laundry business. It then alleged that on December 1, 1915, petitioner tendered the

41 Cal. App.—34

tax collector five dollars for a license under said ordinance, that the tax collector refused to accept the money for the reason that the license had not been prepared and issued by the clerk, and that a few days later petitioner demanded of the clerk that he prepare, issue, and deliver to the auditor such license, and that the clerk refused so to do, whereupon petitioner again tendered five dollars to the tax collector, who refused to accept it, whereupon petitioner deposited the same, in the name of the tax collector, in a reputable bank, immediately notifying the tax collector thereof, and upon the same day again demanded of the clerk that he prepare and issue a license to carry on the laundry business aforesaid—which the clerk refused to do. It is also alleged that the petitioner is beneficially interested in securing the license and is entitled to have it issued, and that he has no plain, speedy, or adequate remedy in the ordinary course of the law.

"By amendment to the petition it is alleged that on December 15, 1912, the city council adopted Ordinance No. 26,555 (new series), entitled 'An ordinance prescribing the method of making and filing petitions for the establishing of industrial districts' (hereinafter called the 'petition ordinance'), which ordinance is set forth in full; and that after this ordinance became effective the city council adopted various ordinances creating industrial districts, which ordinances number 25 in the aggregate, and that all of them were adopted after a petition had been filed with the city council in accordance with said ordinance No. 26,555 (new series), and that no industrial districts have been created during said time except upon such petitions. It is further alleged that petitioner prepared a petition under said ordinance No. 26,555 (new series) to have the lot upon which his business is located established as an industrial district, but he was unable to secure the signatures of the owners of the necessary proportion of the property fronting on the opposite side of the street, or of a majority frontage in the block.

"The respondent in his answer denied that the petitioner was entitled to have a license issued, and set up the adoption, on June 7, 1911, of Ordinance No. 22,798 (new series), which ordinance establishes a residence district and regulates and prohibits the conducting and maintaining of

works and factories where power other than animal power is used within the boundaries of said district, and referred to the various amendments thereto; said ordinance, together with amendatory ordinance No. 33,393 (new series), being attached to the answer as Exhibits 'A' and 'B,' respectively. Said ordinance No. 33,393 (new series) merely amends the residence district ordinance by excepting from the residence district those portions of the city which have become annexed thereto subsequent to January 1, 1915. The residence district ordinance as amended establishes all of the city as a residence district, except (a) that portion included within fire district No. 1, (b) those portions included within the boundaries of such industrial districts as are or may hereafter be established as such by ordinances, (c) the portion of the city lying south of Manchester Avenue, and (d) all territory annexed since January 1, 1915.

"The answer also sets forth Ordinance No. 19,901 (new series), entitled 'An ordinance fixing and establishing fire districts of the city of Los Angeles,' as amended. It is further alleged that the city council has from time to time adopted various ordinances excepting certain specified portions of the city from the residence district established by Ordinance No. 22,798 (new series); 103 ordinances having been adopted excepting from the residence district portions of the territory embraced therein. It is next alleged that petitioner's laundry is not within fire district No. 1, nor within the boundaries of any industrial district, nor within any portion of the city lying south of Manchester Avenue or added to the city by annexation subsequent to January 1, 1915, but that it is within the residence district, and that the respondent refuses to prepare and issue a license for the petitioner, for the reason that under the provisions of the residence ordinance it is unlawful to maintain a laundry within said residence district.

"It is further denied that the petitioner ever prepared a petition under Ordinance No. 26,555 (new series), or otherwise, to have the lot on which his business is located established as an industrial district, and that he had endeavored to secure the signature of property owners to such, or any petition, or that any of them have refused to sign same.

"The first fifteen findings of the court are identical in language with the allegations of the complaint. Finding No. 16 is identical in language with paragraph XV of the complaint, as added by amendment, while finding No. 17 is identical with paragraph XVI of the complaint; finding No. 18 is the same as paragraph II of the answer, except that Ordinance No. 22,798 (new series), as amended, including the amendments contained in Ordinance No. 33,393 (new series), is set forth in full as a part of the finding. Finding No. 19 is identical with paragraph IV of the answer; finding No. 20 is identical with the first half of paragraph IV of the answer, alleging the adoption of various ordinances excepting certain portions of the city from the residence district established by Ordinance No. 22,798 (new series) ; while finding No. 21 is that 65 of the 103 ordinances set out in paragraph V of the answer were passed only upon petitions prepared in accordance with section 6 of Ordinance No. 22,798 (new series), and subsequent to the adoption of the residence district ordinance. Finding No. 22 is that the petitioner's laundry is not within fire district No. 1, nor within the boundaries of any industrial district established by ordinance, nor within that portion of the city lying south of Manchester Avenue, nor within any portion of the city annexed thereto subsequent to January 1, 1915. The court failed altogether to find upon the issue made by paragraph XVII of the complaint, and by the answer, namely, as to whether or not the petitioner prepared and endeavored to obtain signatures to a petition to have the lot upon which his laundry is conducted declared an industrial district.

"As conclusions of law the court finds that the residence district ordinance, Ordinance No. 22,798 (new series), as amended, is void and unconstitutional so far as it affects laundries; and also that the petition ordinance, Ordinance No. 26,555 (new series), is void and unconstitutional in so far as it affects laundries; and that the petitioner is entitled to a license, and that respondent has failed to show cause why he has not issued the same.

"From the above it will appear that there is no controversy whatsoever as to the facts, except with respect to the one issue upon which the court has failed to find.

"Appellant contends that the residence district ordinance is valid and constitutional, and that under it the petitioner was prohibited from conducting a laundry, and that he, as city clerk, properly refused to prepare and issue a license for the conducting, at a specified locality, of a business the conducting of which was prohibited within that portion of the city wherein it was sought to conduct the laundry."

The principal question presented, therefore, is the sufficiency of Ordinance No. 22,798 (new series)—the residence district ordinance—and No. 26,555 (new series)—the petition ordinance—of the City of Los Angeles, in their application to petitioners.

The contention here was, and the court so found, that these ordinances are, and each of them "is void and unconstitutional, and of no force and effect so far as the same applies, affects, or tends to affect laundries or the laundry business."

[1] No service of value could, we think, be rendered by a discussion of the various ordinances set out in the pleadings and findings of the court, nor even by setting forth here *in extenso* the particular ordinances under consideration, as we are of the opinion that the question here presented has been so thoroughly settled in this state that we shall not burden the record nor impose upon the profession the hardship of reading any discussion by us of this case. There is such a wealth of decisions from all over the United States, many of them discussed at great length, presenting exhaustive, thorough, and able arguments, and covering, we think, the identical question here presented, that we content ourselves by simply citing a few of them. The constitutionality of ordinances such as, or similar to, those here involved, has, we think, been upheld by the courts in the following cases: *Ex parte Hadacheck,* 165 Cal. 416, [L. R. A. 1916B, 1248, 132 Pac. 584]; *In the Matter of Montgomery,* 163 Cal. 457, [Ann. Cas. 1914A, 130, 125 Pac. 1070]; *Ex parte Quong Wo,* 161 Cal. 220, [118 Pac. 714]; *San Luis Obispo County* v. *Greenburg,* 120 Cal. 300, [52 Pac. 797]; *Ex parte Haskell,* 112 Cal. 412, [32 L. R. A. 527, 44 Pac. 725]; *Ex parte Lacey,* 108 Cal. 326, [49 Am. St. Rep. 93, 38 L. R. A. 640, 41 Pac. 411]; *San Luis Obispo* v. *Pettit,* 87 Cal. 499, [25 Pac. 694]; *Ex parte Christensen,* 85 Cal. 208, [24 Pac. 747]; *Ex parte Moynier,*

65 Cal. 33, [2 Pac. 728]; *Laurelle* v. *Bush*, 17 Cal. App. 409, [119 Pac. 953]; *Goytino* v. *McAleer*, 4 Cal. App. 655, [88 Pac. 991]; *Hadacheck* v. *Sebastian*, 239 U. S. 394, [Ann. Cas. 1917B, 927, 60 L. Ed. 348, 36 Sup. Ct. Rep. 143]; *Soon Hing* v. *Crowley*, 113 U. S. 703, [28 L. Ed. 1145, 5 Sup. Ct. Rep. 730]; *Barbier* v. *Connolly*, 113 U. S. 27, [28 L. Ed. 923, 5 Sup. Ct. Rep. 357, see, also, Rose's U. S. Notes].

In view, therefore, of this fact, we are unable to agree with the learned trial judge in his conclusions, and hence, we hold the said ordinances valid and constitutional; [2] that the appellant, accordingly, very properly refused to issue a license to respondents, and that, from the record before us, he has shown good cause why a writ of mandate should not issue. No other point presented need be considered.

The judgments are reversed.

Finlayson, P. J., and Sloane, J., concurred.