The PEOPLE of the STATE of CALIFORNIA, Respondents,
v. JOHN CRAYCROFT, Appellant.

Where a right exists at common law, and a new remedy is given by statute, the
latter is cumulative, and either remedy may be pursued.

But where both the right and the remedy are given by statute, that remedy alone
can be pursued.

An action of debt will not lie against the keeper of a gaming table without
license, to recover the amount of the license. The only redress is by indict-
ment.

APPEAL from the Tenth Judicial District.

The complaint in this case, filed by the District Attorney,
stated that on the 10th of October, 1851, the defendant was
indebted to the plaintiffs in the following manner, to wit; that
the defendant, for a long time since the "Act to license gaming,"
of March 14th, 1851, and the act amending the third section
thereof, of the same date, had been and was the proprietor of a
certain gaming-house, in Yuba County; that by said acts, the
defendant was required to pay to the county treasurer the sum
of $35 per month for every table used in said house for gaming
purposes, on the receipt whereof, the treasurer should issue his
order for a license to keep gaming tables in said house; that the
said house contained fifteen tables, which had been used for pur-
poses of gaming ever since the passage of said acts; that there
was then due and owing the plaintiffs the sum of $4000 on ac-
count of said amount per month due from the defendant for each
and every gaming table used for gaming purposes in said house;
and that the defendant had never made application for a license,
nor paid any moneys due as aforesaid: whereby an action had
accrued to the plaintiffs to recover from the defendant the above
amount of money so due as aforesaid; for which, with costs,
they prayed judgment, &c. The complaint was filed October
22nd, 1851.

The defendant filed a demurrer to the complaint; which was
overruled. The defendant appealed from the order overruling
the demurrer.

S. J. Field, for the appellant, made several points, which it

is unnecessary to notice, as only one was passed on by this Court.

The *Attorney General*, appeared for the respondents.

Chief Justice MURRAY delivered the opinion of the Court. The only question in this case necessary for our examination is, whether the State can maintain an action of debt, under the Act to license gaming, passed March 14th, 1851, against persons keeping gaming houses, without having procured a license as provided by the act. The act referred to makes the keeping a gaming table, without a license, a misdemeanor; and the party, on conviction, punishable by a fine of not less than $100, nor more than $1000, or imprisonment in the county jail for not less than three, nor more than six months. There is no other penalty provided; nor any provision in the Statute authorizing a civil action to recover the amount of the license. Where a right is given, and a remedy provided, by statute, the remedy so provided must be pursued. It is true, if the right existed at common law, the plaintiff might pursue either remedy, the statutory one being regarded merely as cumulative. Here a new and independent obligation has been created; and the statute must be strictly followed. An action of debt will not lie against the defendant, as upon a penal statute. The penalty is not certain; and the law has made no provision for the mode of prosecuting such an action. The only remedy is by indictment.

Judgment reversed.