## WARD et al. v. SEVERANCE et al.

The act of 1855 makes it a misdemeanor to run a ferry for pay, without a license, and provides that no toll-ferry or bridge shall be established within one mile of one regularly established, unless required by public convenience, etc. This does not confer a franchise, upon which, the owner of an established ferry can maintain a civil action for its infringement.

The remedy, under the statute, is by indictment.

The party aggrieved is entitled to relief in chancery, however.

Where a new right is created by statute, the party complaining of its violation is confined to his statutory remedy, so far as the Courts of Common Law are concerned.

If, however, the right existed at common law, the remedy provided by statute is merely cumulative.

APPEAL from the District Court of the Fifth Judicial District, County of Stanislaus.

The respondents in the Court below brought this action against the appellants, the proprietors of a rival ferry, for interfering

with and intruding upon their ferry-franchise, licensed under the act of 1855, claiming damages to the extent of two thousand dollars, and an injunction. The case was tried by a jury, who rendered a verdict in favor of plaintiffs for the sum of eight hundred and thirty dollars, on which judgment was had. The defendants' motion for a new trial being denied, they appealed from such order and the judgment.

*Barber* for appellants.

This action was brought after the passage of the act of 1855, p. 183, by the alleged owner of a licensed ferry against the owner of an alleged unlicensed ferry, for running a boat " since the 30th day of April, to the 2d day of October 1855."

The action was a civil action on the case, and the jury rendered a verdict, for plaintiffs, of eight hundred dollars.

No such action will lie. Such ferries as this do not come under the description of an " ancient ferry," established by the riparian proprietor prior to any legislative act. Plaintiff sues for injuries sustained between April 30th and October 2d, 1855, wholly under the statute of 1855, and by the provisions of that statute his rights must be governed.

The act of 1855, under which plaintiff claims, repeals all the former acts, and provides that such party " shall be deemed guilty of a misdemeanor, and may upon conviction be punished by fine not exceeding five hundred dollars for the first offence."

The act provides no civil remedy.

These ferries are purely creations of the statute, and the only penalty to which a party is subject on their infringement, is that provided by statute.

The right to a ferry is a franchise, derivable solely from the government, and he who takes it, takes it with the prescribed rights, and none other. Charles River Bridge *v.* Warren Bridge, 11 Peters, 420.

In the City of Boston *v.* Shaw, 1 Metcalf, 130, in relation to a penalty the Court says: " When a new power and also the means of executing it are given by statute, that power can be executed in no other way." (Citing various authorities.)

In Elder *v.* Bemis, 2 Metcalf, 599 p. 604—" And for the violation of the prohibition in the statute the plaintiff is only entitled to the statute remedy."

In Almy *v.* Harris, 5 Johns. Rep., 175, which was an action precisely similar to this (for disturbing a ferry) the Supreme Court of New York says :

" If Harris had possessed a right at common law to the exclusive enjoyment of this ferry, then the statute giving a remedy in the affirmative, without a negative expressed or implied, for a matter authorized by the common law, he might, notwithstanding the statute, have his remedy by action at common law. But

Harris had no exclusive right at common law, nor any right but what he derived from the statute, consequently he can have no right since the statute but those it gives, and his remedy, therefore, must be under the statute, and the penalty only can be recovered."

A ferry-franchise is not property, for, as we have seen by the decision of the highest Court in the land, it can be destroyed by the Legislature. Its rights and remedies exist solely in the statute creating it, and unless that statute give a right of action for its invasion by civil remedy, none such exists.

*Hall & Huggins* for Respondents.

1. The point first made by the appellants is not maintainable. The argument proceeds upon erroneous views of the nature of the privilege of ferry granted by our statutes, and the rights and obligations respectively created by and between the public and the party procuring the license, who are the parties to the contract.

Section six of the act of 1855, concerning public ferries, employs the following prohibitory language : " No ferry or toll-bridge shall be established within one mile immediately above or below a regularly established ferry or toll-bridge, unless it be required by the public convenience, or when the situation of a town or village, the crossing of a public highway, or the intervention of some creek or ravine, shall render it necessary." And further, as if by way of carefully guarding this exclusive right for the use and benefit of the grantee, the same section requires, that upon application for any such ferry, notice of ten days shall be given to the " proprietor " of the then existing ferry, and the application made to the same tribunal, etc.

The respondents insist that under the principle established in the case of the Charles River bridge, 11 Peters R., the plaintiffs, by their contract with the State, were clothed with an exclusive right within the limited distance, for an infringement of which the Courts of the State, by the rules of the common law, will afford relief in the form of damages. See 1 Nott & McCard, 387 ; 3 Murph. R., 57 ; 6 Dana R., 43 ; 2 Edwards' V. C. Repts., 304.

MURRAY, C. J., delivered the opinion of the Court.—BURNETT, J., and TERRY, J., concurring.

This was an action on the case, brought by the owner of a ferry, licensed under the act of 1855, against the defendants, for running a ferry-boat without a license, within one mile of the plaintiffs' ferry.

The eighteenth section of the act provides that any person who shall run a ferry, for compensation, without having first obtained a license, shall be deemed guilty of a misdemeanor, and

shall be punished by a fine, not exceeding five hundred dollars. The sixth section provides that no ferry, or toll-bridge, shall be established within one mile, immediately above or below a regularly established ferry, or toll-bridge, unless it be required by the public convenience, etc.

It is contended that this section confers on the party an exclusive privilege, and that he may maintain a civil action against any one who intrudes upon or injures the franchise.

This is not the true operation of the statute; it confers only a limited right upon the party, for the protection of which provision is made by indictment. Where a new right is introduced by statute, the party complaining of its violation is confined to the statutory remedy, so far as the Courts of Common Law are concerned. If, however, the right existed at common law, the remedy provided by statute is merely cumulative. See Long v. Scott, 1 Blackford, 405; Almy v. Harris, 5 Johns., 175; Shorter et al. v. Smith et al., 9 Georgia, 517; People v. Crycroft, 2 Cal., 243.

Ferry-privileges are created by statute of this State, and no remedy by an action on the case is given. Our conclusion is strengthened, by the fact that the former act, providing a remedy by a civil action, has been repealed.

We do not wish to be understood as deciding that the party aggrieved may not resort to a Court of Chancery for relief; for, under the decision of this Court, in the case of Norris v. The Farmers' and Teamsters' Company, decided October Term, 1856, that right is directly affirmed.

Judgment reversed.