[No. 11001. In Bank. — December 15, 1888.]

## COUNTY OF MONTEREY, APPELLANT, *v.* E. K. ABBOTT, RESPONDENT.

JURISDICTION — JUSTICE'S COURT — LICENSE TAX — REMOVAL OF COURT. — When it appears from the verified answer of a defendant in a justice's court that the action would necessarily involve the legality of the license tax sued for, the justice should suspend proceedings in the action, and certify the pleadings to the superior court.

COUNTY ORDINANCE — LICENSE TAX — ACTION BY COUNTY — REAL PARTY IN INTEREST. — When a county ordinance imposing license taxes provides that actions to collect the same shall be in the name of the people, an action cannot be brought in the name of the county as the real party in interest. The failure to take out a license does not make the defendant liable to the county in an action of debt.

STATUTORY RIGHT AND REMEDY — COMMON LAW. — When a right or obligation is created, and a remedy provided by statute or valid ordinance, the remedy so provided must be exclusively pursued. It is only when the right exists at common law that the remedy provided by statute can be regarded as cumulative.

APPEAL from a judgment of the Superior Court of Monterey County.

The action was brought to recover the amount of a business license imposed under an ordinance of the board of supervisors of Monterey County. Further facts are stated in opinion of Department One.

*R. F. Soto, A. N. Dorn, W. M. Parker,* and *Hermann & Soto,* for Appellant.

*Geil & Morehouse,* for Respondent.

The Court.—This cause was heard before Department One, and a decision given on the 3d of May, 1888. Upon rehearing, nothing has been called to our attention which should induce us to change the result then reached.

Judgment affirmed.

The following is the opinion of Department One above referred to:—

McKinstry, J.—It appeared from the answer of the defendant in the justice's court, verified by his oath, that the determination of the action would necessarily involve the legality of the license tax sued for. The justice, therefore, properly suspended proceedings in the action, and certified the pleadings to the superior court. (Code Civ. Proc., sec. 838.)

It is contended by appellant that the statement in section 1 of the license order that it is ordained pursuant to the act of March 13, 1883 (adding section 4045 to the Political Code), is mere surplusage, and that the supervisors had power to pass the ordinance under sections 11 and 12 of article 11 of the constitution. (*Ex parte Wolters,* 65 Cal. 269; *Ex parte Mount,* 66 Cal. 448; *Ex parte Lawrence,* 69 Cal. 608; *In re Guerrero,* 69 Cal. 90.)

Section 8 of the ordinance provides that actions to collect license taxes shall be commenced in the name of the *people.* But appellant contends that this section of the ordinance is void, there being a general law requiring all actions—except as provided in section 369 of the

Code of Civil Procedure—to be brought in the name of the real party in interest (Code Civ. Proc., sec. 367); that here the county was the real party in interest.

If by section 12 of article 9 of the constitution the county has power to impose license taxes, and to provide the mode of collecting them, the ordinance does provide that the mode shall be by action brought in the name of the people.

On the other hand, the failure to take out a license did not of itself make the defendant a debtor of the county in such sense that an ordinary action, in the nature of an action for debt, could be maintained by the county as "the real party in interest." Neither the constitution nor any statute made him such. If, therefore, the action could not be maintained in the name of "the people," it could not be maintained at all. Where a right is given and a remedy provided by statute (or ordinance, if valid), the remedy so provided must be pursued. True, where the right exists at common law, independent of statute, the remedy provided by statute may be regarded as cumulative. (*People* v. *Craycroft,* 2 Cal. 244; 56 Am. Dec. 331.) But here the obligation is created by statute, and the remedy is derived (if any remedy is furnished) directly or indirectly from statute.

Judgment affirmed.

SEARLS, C. J., and PATERSON, J., concurred.