[Civ. No. 9519. First Appellate District, Division Two.—August 6, 1935.]

COUNTY OF ALAMEDA (a Body Corporate and Politic), Appellant, v. GEORGE FREITAS, Respondent.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Deputy District Attorney, and Robert H. McCreary, Deputy District Attorney, for Appellant.

Johnson & Shaw and J. P. Shaw for Respondent.

SPENCE, J.—Plaintiff sought by this action to recover certain penalties alleged to be due from the defendant con-

tractor under the so-called Public Works Wage Rate Act. (Stats. 1931, chap. 437.) A demurrer was sustained to plaintiff's second amended complaint and, upon plaintiff's failure to amend within the time allowed, judgment was entered in favor of defendant. Plaintiff appeals from said judgment.

Said act requires that the public body awarding any contract for public work on behalf of any county shall ascertain the general prevailing rate of per diem wages in the locality in which the work is to be performed for each craft or type of workman needed to execute the contract, and shall specify such rate of wages in the call for bids and in the contract. It is made mandatory upon the contractor to pay not less than the prevailing rates so specified and it is provided that the contractor shall forfeit, as a penalty to the county, ten dollars for each calendar day or portion thereof, for which any workman is paid less than such prevailing rate. It is required by section 3 of the act that the contractor and each subcontractor shall keep accurate records showing the names and occupations of all workmen and the per diem wages paid to each workman which records must be open to the inspection of the public body awarding the contract, its officers and agents. By section 2 of the act, it is made the duty of the public body awarding the contract, its officers and agents, to withhold all sums forfeited by the provisions of the act when making payments to the contractor of money due under the contract.

It is entirely clear from what has been said that the right to the penalties in question was of statutory creation and that the statute creating the right also provided the means of enforcement by authorizing the withholding of the penalties from the payments due under the contract. In the present case, it appeared that plaintiff failed to withhold the penalties as authorized but, after the final payment had been made, sought to recover said penalties in this action.

Appellant contends that each of the counts of the second amended complaint stated a cause of action against the defendant and that the trial court erred in sustaining the demurrer to said complaint. In our opinion this contention cannot be sustained. The general rule is stated in 25 Corpus Juris at page 1185 as follows: "Where a statute gives a penalty and prescribes the form of remedy for its recovery, such form is exclusive." The rule is similarly stated in 20

California Jurisprudence, page 987, section 9, as follows: "The right is purely of statutory creation, and if the mode of enforcement is prescribed no other procedure is ordinarily available." (See, also, *Estate of Ward,* 127 Cal. App. 347, 354 [15 Pac. (2d) 901]; *County of Monterey* v. *Abbott,* 77 Cal. 541 [18 Pac. 113, 20 Pac. 73]; *Reed* v. *Omnibus R. R. Co.,* 33 Cal. 212; *Ward* v. *Severance,* 7 Cal. 126; *People* v. *Craycroft,* 2 Cal. 243 [56 Am. Dec. 331]; 25 R. C. L. 1058.) The statute here did not purport to give the county a right of action to recover alleged penalties after the final payment had been made, but merely authorized the enforcement of the right to the penalties by withholding from the payments made under the contract. We conclude that this was the exclusive mode of enforcement and that the demurrer to the second amended complaint was properly sustained.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the district court of Appeal, was denied by the Supreme Court on October 3, 1935.