[Civ. No. 9845. Second Appellate District, Division One.—March 12, 1936.]

DELLA JOHNSON, Appellant, v. CITY OF GLENDALE (a Municipal Corporation) et al., Respondents.

Litta Belle Campbell for Appellant.

Bernard Brennan, City Attorney, Aubrey N. Irwin, Assistant City Attorney, and A. L. Lawson, Deputy City Attorney, for Respondents.

SHINN, J., *pro tem.*—Plaintiff appeals from a judgment entered in defendants' favor after an order sustaining a demurrer to plaintiff's complaint.

The action is one for damages for personal injuries sustained by plaintiff by reason of the alleged negligence of defendant city in maintaining a public sidewalk in a dangerous and defective condition. W. J. MacIntyre and F. W. Curl were joined as defendants in their alleged capacity as "officers of said city". Plaintiff did not present her claim for damages to defendant city within ninety days after the accident, as required by chapter 1167, Statutes 1931, page 2475, although she did present a claim some five months after the accident. The demurrer of the defendant city was sustained upon the ground that presentation of a claim within the prescribed time was a prerequisite to the maintenance of the action.

The liability of the city is founded upon Statutes 1923, page 675, Deering's General Laws, Act 5619. That act contained no requirement for the presentation of damage claims to a municipality or other corporate body or any representative thereof. Such presentation was first required by the act of 1931 above referred to. It is the contention of appellant that the latter act is void because when it was adopted it effected an amendment of the act of 1923 and the former act was not reenacted and published in full in accordance with the provisions of article IV, section 24, of the Constitution, which require that an act revised or section amended must be reenacted and published in full as amended. This procedure was not followed by the legislature, nor was it necessary that it should have been followed, in adopting the 1931 act. The latter act did not purport to amend the 1923 act, nor did it, strictly speaking, amend it. The 1923 act created a liability of municipalities and certain other governmental agencies in cases of negligence. That liability was not to any extent changed by the 1931 act. The former act remained in full effect. The latter act covers new matters, such as the presentation of claims for damages, certain duties of attorneys for municipalities and other agencies in actions for damages against officers, and it makes permissive the insurance of officers against liability arising out of negligence. Thus the law on the subject was made broader by new and independent legislation, but without destroying or impairing any substantive right or liability created by the former act.

It has been held frequently that legislation which adds to or supplements or interprets an existing law or makes such law applicable to new situations without otherwise changing

its operation is neither a revision nor an amendment of the existing law within the meaning of the constitutional provision. In the early case of *Pennie* v. *Reis,* 80 Cal. 266 [22 Pac. 176], it was held that the Constitution "applies clearly to acts which are in terms revisory or amendatory of some former act; it does not apply to an independent act". Neither does it apply to cases in which the former act remains in full effect. (*Hellman* v. *Shoulters,* 114 Cal. 136 [44 Pac. 915, 45 Pac. 1057]; *Gadd* v. *McGuire,* 69 Cal. App. 347 [231 Pac. 754].) It does not apply to the addition of new code sections, even though the effect thereof be to amend by implication existing code sections. (*Deyoe* v. *Superior Court,* 140 Cal. 476 [74 Pac. 28, 98 Am. St. Rep. 73]; *In re Coburn,* 165 Cal. 202 [131 Pac. 352]; *People* v. *Peete,* 54 Cal. App. 333 [202 Pac. 51]; *Evans* v. *Superior Court,* 215 Cal. 58 [8 Pac. (2d) 467].) The act of 1931, in so far as it requires the presentation of claims within ninety days after the happening of an accident, merely prescribes rules of procedure for the enforcement of claims arising under the 1923 act, no such rules having been prescribed by that act. In this respect and as to all other matters to which it relates, the act of 1931 was original legislation; it did not revise or amend the existing law, although it did supplement it. It was therefore legally adopted.

The statute is mandatory and plaintiff's failure to present her claim within the time provided by law, unless excused by the facts alleged in the complaint, precludes any recovery against the City of Glendale or any officers or employees thereof for negligence. (*Spencer* v. *City of Calipatria,* 9 Cal. App. (2d) 267 [49 Pac. (2d) 320]; *Thompson* v. *County of Los Angeles,* 140 Cal. App. 73 [35 Pac. (2d) 185]; *Farmers etc. Bank* v. *City of Los Angeles,* 151 Cal. 655 [91 Pac. 795]; *Coen* v. *City of Los Angeles,* 70 Cal. App. 752 [234 Pac. 426]; *Continental Insurance Co.* v. *City of Los Angeles,* 92 Cal. App. 585 [268 Pac. 920]; *Phillips* v. *County of Los Angeles,* 140 Cal. App. 78 [35 Pac. (2d) 187].)

As an excuse for the failure to present her claim to the city on time, the complaint alleged: "That plaintiff, by reason of her injuries, was incapacitated and sick and sore in mind and body for a period of three months and unable to ascertain the true state of the law and the nature of her rights, and unable to file a claim against said city." The allegation of incapacity and inability to file a claim presents a question

which has not been directly decided in this state, and one as to which the authorities elsewhere are in irreconcilable conflict. In one line of cases it is held that the requirements of statutes, charter provisions or ordinances for the giving of notice of injuries or for the presentation of claims for damages need not be strictly met, and that substantial compliance only is demanded. In so holding, the courts have supplied conditions not expressed or attempted to be expressed in the laws. This is held justified by assuming that it could not have been the intention in enacting the legislation to bar the claims of those who might be unable to present them on time by reason of physical or mental incapacity, and this assumption again is held justified under the maxim that the law does not require impossibilities. The contrary, and we think the more satisfactory, rule is that the giving of notice or the filing of claims within the limited period allowed therefor is purely a matter for legislative control, and that where a law makes compliance mandatory and no exceptions are provided in the law itself, the courts may provide none under the guise of interpretation or construction. (*Haynes* v. *City of Seattle,* 83 Wash. 51 [145 Pac. 73]; *People* v. *City of Valparaiso,* 178 Ind. 673 [100 N. E. 70]; *Schmidt* v. *City of Fremont,* 70 Neb. 577 [97 N. W. 830]; *Ellis* v. *City of Kearney,* 80 Neb. 51 [113 N. W. 803]; *McCollum* v. *City of South Omaha,* 84 Neb. 413 [121 N. W. 438]; *Touhey* v. *City of Decatur,* 175 Ind. 98, [93 N. E. 540, 32 L. R. A. (N. S.) 350]; *Huntington* v. *City of Calais,* 105 Me. 144 [73 Atl. 829]; *Daniels* v. *City of Racine,* 98 Wis. 649 [74 N. W. 553]; *Hay* v. *City of Baraboo,* 127 Wis. 1 [105 N. W. 654, 115 Am. St. Rep. 977, 3 L. R. A. (N. S.) 84]; *Crocker* v. *City of Hartford,* 66 Conn. 387 [34 Atl. 98]; *City of Ft. Worth* v. *Shero,* 16 Tex. Civ. App. 487 [41 S. W. 704]; *Trost* v. *City of Casselton,* 8 N. D. 534 [79 N. W. 1071]; *Gribben* v. *City of Franklin,* 175 Ind. 500 [94 N. E. 757]; *Collins* v. *City of Spokane,* 64 Wash. 153 [116 Pac. 663, 35 L. R. A. (N. S.) 840]; *Benson* v. *City of Hoquiam,* 67 Wash. 90 [121 Pac. 58].)

In following the views expressed in the foregoing cases we accept, as controlling, the familiar rule that where a right is purely statutory and is granted upon conditions, one who seeks to enforce the right must by allegation and proof clearly bring himself within the conditions.

■ In this state the right to sue a municipality for negligence in the maintenance of its streets exists only by virtue of statute. (*Doeg* v. *Cook,* 126 Cal. 213 [58 Pac. 707, 77 Am. St. Rep. 171] ; 19 Cal. Jur. 126.) This is contrary to the general rule that even in the absence of statute expressly creating liability, a municipality having full control of its streets is liable in damages for injuries resulting from the failure to use ordinary care to keep them in a reasonably safe condition for public travel. (13 R. C. L. 309.) Accordingly, in the states where the latter rule obtains, a statute requiring notice to the city within a given time after an accident on a city street, as a condition precedent to suit, operates as a limitation upon an existing right to compensation. It has been held that this right cannot be limited by unreasonable requirements respecting the giving of notice or the presentation of a claim. (*Durham* v. *City of Spokane,* 27 Wash. 615 [68 Pac. 383] ; *Born* v. *City of Spokane,* 27 Wash. 719 [68 Pac. 386].) This rule is not applicable to claims of purely statutory origin, where the right is granted conditionally. The statute of 1923 placed counties, municipalities and school districts under a liability for damage to property or to persons caused by the dangerous or defective condition of public streets where the governing board or officer had knowledge or notice of such condition and failed and neglected for a reasonable time to remedy the same. The right thus granted to citizens is one that might have been withheld altogether by the legislative authority and consequently it could be granted upon such conditions as the legislature might see fit to impose. Therefore, the reasonableness of the conditions may not be brought into question. However strict and onerous they may be, they withhold or limit no right which had existence independent of the statute.

■ The 1931 act requires presentation of a verified claim to the clerk or secretary of the legislative body of the municipality or other governing board within ninety days after the accident has occurred. It states no exceptions and we are unable to believe that any were intended. If there were to be exceptions they should have been stated in the act itself. It is not for the courts to create them. It must be presumed that the legislature would have made disability an excuse for failure to present a claim had it been intended to grant

that privilege. There is nothing novel in this class of legislation. Wherever liability of municipalities for negligence is recognized, general laws, charter provisions or ordinances will be found imposing conditions upon the assertion of claims for damages, and many such are discussed in the books which are far more rigorous than our own statute. Without excusing the presentation of claims during possible periods of disability, the 1931 statute allows ninety days in which to make claim, and this must be conceded to be a liberal period when the purposes of the law are considered, one of such purposes, and a very important one, being to afford the municipality an opportunity to investigate the cause of the accident and the extent of the injury or damage. If instead of the period of ninety days an exceedingly short time had been allowed, there would be much more reason for the argument in favor of adopting physical or mental incapacity as an excuse for failure to act in time. In New York, where it is said, in *Walden* v. *City of Jamestown*, 178 N. Y. 213 [70 N. E. 466], that a common charter provision in that state is one requiring notice to be given within 48 hours, substantial compliance only is exacted. It is readily apparent that a strict enforcement of such an exacting regulation would in many instances require the giving of notice under conditions of extreme difficulty and would in some cases require the impossible. But where a period of ninety days is allowed, the maxim that the law does not require impossibilities cannot control to the extent of justifying what clearly would be judicial legislation, in the form of interpretation. The statute does not require that the injured person shall himself sign or verify the claim and therefore does not preclude others from acting in his behalf. It would be an extreme, and we think unsupportable, view that the statute in question cannot be applied as it is clearly written because to do so would require that which is impossible. (*Hurley* v. *Town of Bingham*, 63 Utah, 589 [228 Pac. 213].) This court has held, in *Phillips* v. *County of Los Angeles*, *supra*, that infancy does not excuse the failure to present a claim for damages to a board of supervisors in order to charge the county with liability for negligence. The court said in that case: "The statute having not made infancy an exception in this case, the general provisions of the act must be held to apply, and the minor plaintiff, therefore, was required

to file a claim within the time and in the same manner as an adult, as a condition precedent to bringing suit.'' And so in the present case the right has been granted and certain conditions have been prescribed for its enforcement and no exception has been made in a case of total inability of the injured person to make written demand for compensation. It is not within the power of the court to nullify a clear provision of the law by writing into it an exception which might have a material effect upon its operation.

■ Certain other facts were alleged which appellant contends estopped the city from taking advantage of her failure to file a claim in time. It was alleged that the defendant City of Glendale, its officers, agents, employees and representatives, and defendants F. W. Curl and W. J. MacIntyre fraudulently conspired and connived to defraud plaintiff of her rights and to defeat her claim for her injuries; ''that immediately after the 8th day of March, 1933, the defendants F. W. Curl and W. J. MacIntyre, as agents and representatives of the said city of Glendale, and in the course of their employment, called upon plaintiff in reference to plaintiff's injuries and made personal and official investigations of the circumstances of said injuries and the condition of the said public street, all in pursuance of their fraudulent conspiracy and plot to defraud and defeat the plaintiff in her rights. That in pursuance of said fraud, conspiracy and plot F. W. Curl and W. J. MacIntyre informed plaintiff that they would investigate her claim and that they would determine the question of settlement and liability and that they would advise her in regard to said liability and settlement.'' These promises were alleged to have been made without intention to fulfill them. It was alleged that plaintiff believed said promises and representations and because of her reliance thereon she did not employ counsel to file a claim within the time prescribed by law. It is contended that the said acts of the defendants Curl and MacIntyre amounted to a waiver by the City of Glendale of compliance with the law in the matter of filing the claim. This contention cannot be upheld. It is the generally accepted rule that a municipality and its officers are without power to waive compliance with the law in such matters. (*Chapman* v. *City of Fullerton*, 90 Cal. App. 463 [265 Pac. 1035]; *Spencer* v. *City of Calipatria, supra;*

*Touhey* v. *City of Decatur, supra; Dechant* v. *City of Hays,* 112 Kan. 729 [212 Pac. 682] ; *Berry* v. *City of Helena,* 56 Mont. 122 [182 Pac. 117].)   The statute does not authorize a waiver nor does it provide any substitute for a written verified claim.   The authorities we have cited quite generally hold that actual knowledge on the part of officers of a municipality of the facts required to be stated in the claim does not dispense with the claim itself.   In view of our holding that the city could not be bound by any alleged waiver, consisting as it would of an extension of time for filing the claim, it is unnecessary to point out the particulars in which the complaint failed to show any authority on the part of defendants Curl and MacIntyre to represent or act for the city except in the mere matter of the investigation of plaintiff's injuries and the cause thereof.

The complaint sought recovery of damages from defendants Curl and MacIntyre, based upon their alleged fraud and deception of plaintiff.   No argument is presented by appellant in support of the appeal from the judgment in favor of the individual defendants.   It is therefore unnecessary to discuss the sufficiency of the complaint to charge actionable fraud.

It is quite apparent, however, that a cause of action against the city for negligence and a cause of action against the individual defendants for fraud could not properly be joined.   (Sec. 427, Code Civ. Proc.)   The demurrer to the complaint was correctly sustained.

The judgment is affirmed; the attempted appeal from the order sustaining the demurrer is dismissed.

Houser, P. J., and Doran, J., concurred.