[Civ. No. 11490. First Dist., Div. One.—April 23, 1941.]

BERTHA J. WILKES, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

394

A. Dal Thomson for Appellant.

John J. O'Toole, City Attorney, and Edmond P. Bergerot, Deputy City Attorney, for Respondent.

WARD, J.—This is an appeal by plaintiff from a judgment decreeing that she take nothing by her action. The suit was brought to recover damages for personal injuries suffered by her as the result of an automobile accident attributable, as the court found, to defendant's negligence in the construction and maintenance of a highway. The ground on which the trial court denied the relief sought is the failure of plaintiff to file a claim for said damages as required by the provisions of the Public Liability Act of the State of California; Act 5149, Deering's General Laws, 1937, Volume II.

The injury for which damages are sought occurred in the City and County of San Francisco. The question involved on the appeal is whether claims under the state Public Liability Act must be filed as provided by Statutes 1923 and 1931, pages 675 and 2475 respectively, or in accordance with the provisions of section 87 of the Charter of the City and County of San Francisco. (Stats. 1935, p. 2421.) The claim in this action was filed in compliance with the charter provisions prior to the appearance of the plaintiff's present attorney herein.

The act of 1923 provides that a municipality shall, within certain limitations, be liable for a defect in the maintenance of a highway. The act of 1931 supplemental thereto provides that as a foundation for any recovery of damages resulting from a defect of the character mentioned, a verified claim shall be filed with the clerk or secretary of the legislative body of the municipality, etc., within ninety days after such accident has occurred. (Stats. 1931, p. 2475; *Johnson* v. *City of Glendale,* 12 Cal. App. (2d) 389 [55 Pac. (2d) 580].) The charter provides that all claims for damages must be

presented to the controller within sixty days after the occurrence from which it is claimed they arose. (Stats. 1935, p. 2421.) The claim in the case before us was filed within both the charter and statutory periods. The person with whom filed, or the place of filing, is the vital question herein, and in arriving at its determination the time limit provided in those respective enactments for the filing of claims throws light upon that question.

 The contention stressed by appellant is that the charter in its present form was approved by the legislature of 1935 (Stats. 1935, p. 2421), a date subsequent to the enactment of the statutes mentioned, and that such approval operated as an amendment *pro tanto* of the state law. The approval of a municipal charter by the state legislature confers the power of home rule upon the municipality, but this power is limited to municipal affairs. In non-municipal matters the general law controls. (Const. of Cal., art. XI, sec. 6; *Mesmer* v. *Board of Public Service Com.*, 23 Cal. App. 578 [138 Pac. 935].) In approving a freeholders' charter the procedure is by resolution and not by bill. It is a legislative act approving home rule for a municipality but it does not *ipso facto* repeal laws generally applicable throughout the state. The approval by the legislature may confer upon the local government a method of procedure different from a general statute if the subject matter is solely a municipal affair.

If the matter of *where* the claim is to be filed is purely a question of local concern, the charter is controlling regardless of the date of its enactment; if it is a matter of state-wide concern the general statute controls, and does so without regard to whether its enactment preceded or followed the charter provision. The right to recovery does not arise under charter provisions but under state law. The state has the power to prescribe the method of enforcing the claim. If the state fixes the period as ninety days within which such a claim may be filed, a municipality, even by charter provisions, may not ordain that the claim will not be recognized unless filed within a shorter period. No right of action is given by charter to seek damages against the City and County of San Francisco as the result of a defective or dangerous condition of a public highway. Such right exists only under the state law. The municipality may not curtail or abridge such right by providing that the claim shall be filed within

eighty-nine days or one day. If it had the right to fix a period of sixty days it likewise has the power to change that period. The right to fix the time within which the claim may be filed is purely a legislative matter. (*Douglass* v. *City of Los Angeles,* 5 Cal. (2d) 123 [53 Pac. (2d) 353]; *Wicklund* v. *Plymouth E. School Dist.,* 37 Cal. App. (2d) 252 [99 Pac. (2d) 314]; *Norton* v. *City of Pomona,* 5 Cal. (2d) 54 [53 Pac. (2d) 952]; *Johnson* v. *City of Glendale, supra; Thompson* v. *County of Los Angeles,* 140 Cal. App. 73 [35 Pac. (2d) 185]; *Kahrs* v. *County of Los Angeles,* 28 Cal. App. (2d) 46 [82 Pac. (2d) 29]; *Strath* v. *City of Santa Rosa,* 19 Cal. App. (2d) 382 [65 Pac. (2d) 894]; *Spencer* v. *City of Calipatria,* 9 Cal. App. (2d) 267 [49 Pac. (2d) 320]; *Young* v. *County of Ventura,* 39 Cal. App. (2d) 732 [104 Pac. (2d) 102]; *Kline* v. *San Francisco U. School Dist.,* 40 Cal. App. (2d) 174 [104 Pac. (2d) 661]; *Kelso* v. *Board of Education,* 42 Cal. App. (2d) 415 [109 Pac. (2d) 29].) If the soundness of the rule that the claim must be filed in accordance with the time limit provided in the statute rather than in the charter has been recognized by the courts of this state, as appears above, there can be no doubt that the same rule holds relative to the place of filing unless some good reason appears to the contrary.

The matter of *where* the claim was filed may be intimately connected with the fiscal system of a municipality in preparing budgetary matters as part of its internal business; but one of the underlying purposes in designating a department wherein to file such a claim is that it may be paid, if found just, without litigation. If the claimant prevails, with or without litigation, it is the legislative body—in this instance the Board of Supervisors—that is given authority to allow payment, and not the controller. (*Douglass* v. *City of Los Angeles, supra.*) The accumulation of funds (*West Coast Adv. Co.* v. *San Francisco,* 14 Cal. (2d) 516 [95 Pac. (2d) 138]) and the disposition or depositary thereof (*Rothschild* v. *Bantel,* 152 Cal. 5 [91 Pac. 803]), are internal business affairs, but not so the filing of a claim under the Public Liability Act. The budgetary matter is incidental, and subordinate to the power of the legislative body of the municipality to adjust, contest or finally pay if the municipality is liable for damages.

The right to maintain the present action is statutory (*George* v. *City of Los Angeles,* 11 Cal. (2d) 303 [79 Pac. (2d) 723]) and did not exist at common law. Under such circumstances the right and the remedy must be in pursuance of the provisions of the statute, and are exclusive. (25 Cor. Jur., p. 1185; 25 R. C. L. 1058; *People* v. *Craycroft,* 2 Cal. 243 [56 Am. Dec. 331]; *Reed* v. *Omnibus R. R. Co.,* 33 Cal. 212; *County of Monterey* v. *Abbott,* 77 Cal. 541 [18 Pac. 113, 20 Pac. 73]; *Estate of Ward,* 127 Cal. App. 347 [15 Pac. (2d) 901]; *Estate of Troy,* 1 Cal. App. (2d) 732 [37 Pac. (2d) 471]; *County of Alameda* v. *Freitas,* 8 Cal. App. (2d) 653 [48 Pac. (2d) 165].)

██ The existence of liability for defective highways is a matter of general state concern and "cannot be chartered away even though a municipality should attempt to do so". (*Rafferty* v. *City of Marysville,* 207 Cal. 657, 665 [280 Pac. 118]; *Douglass* v. *City of Los Angeles, supra.*) In *George* v. *City of Los Angeles, supra,* page 308, the court said: "The rule adopted by the courts of this state is that while a municipality is not an insurer of the safety of travelers on its streets, the duty is imposed upon it by the Public Liability Act of 1923 to exercise ordinary care to maintain its streets in a reasonably safe condition for their use in a proper manner. (*Rodkey* v. *City of Escondido, supra,* [8 Cal. (2d) 685 (67 Pac. (2d) 1053)], *Nicholson* v. *City of Los Angeles,* 5 Cal. (2d) 361 [54 Pac. (2d) 725], *Waldorf* v. *City of Alhambra,* 6 Cal. App. (2d) 522 [45 Pac. (2d) 207], *Beeson* v. *City of Los Angeles,* 115 Cal. App. 122 [300 Pac. 993], and *Brooks* v. *City of Monterey,* 106 Cal. App. 649 [290 Pac. 540].) . . . This is the construction placed upon the Public Liability Act of 1923 by the courts in *Rafferty* v. *City of Marysville* and kindred cases cited above."

██ It must be concluded that an action such as this is based solely upon the provisions of the Public Liability Act (Stats. 1923 and 1931, pp. 675 and 2475 respectively). The provisions of the two acts are mandatory and are to be strictly construed. (*Whiting* v. *City of National City,* 9 Cal. (2d) 163 [69 Pac. (2d) 990]; *Johnson* v. *City of Glendale, supra; Rafferty* v. *City of Marysville, supra; Douglass* v. *City of Los Angeles, supra; White-Satra* v. *City of Los Angeles,* 14 Cal. App. (2d) 688 [58 Pac. (2d) 933].)

Citation of *Cathey* v. *City and County of San Francisco,* 37 Cal. App. (2d) 575 [99 Pac. (2d) 1109], is not of assistance to appellant. The action therein was not based upon the Public Liability Act.

It is interesting that each side discusses at length *Douglass* v. *City of Los Angeles, supra.* Appellant contends that it was therein held that a provision of the Los Angeles charter did not comprehend a claim for tort. Respondent quotes and emphasizes the following: "It must inevitably follow that if a claimant in this state is to obtain redress against the city itself for injuries received by reason of the negligent acts or omissions of its servants, such claimant must rest upon the liability imposed by the general statute, and must conform with the requirements of that statute in enforcing that liability. One of the requirements of the general statute since 1931 has been that as a prerequisite to suit to enforce such liability against a city, the claimant must have filed with the clerk of the legislative body of the city, here the city council, a verified claim for damages (Stats. 1931, pp. 2475, 2477)." Primarily the decision holds that a recovery may not be had unless a claimant pleads and proves a compliance with the 1931 act. Thereafter, as a secondary basis for the opinion rendered, the court carefully analyzed the provision of the Los Angeles charter, and determined that the board of public works had no authority, either express or implied, to recognize such a liability as sued upon in that case. The gist of the decision is that the filing of a claim with a municipal department without authority to order the claim paid without suit would be futile. It is not necessary in the present case to consider the phraseology of the provision of the charter of the City and County of San Francisco. ▮ The first point determined in the Douglass opinion removes any doubt on the question involved herein. (*Cottle* v. *City of Los Angeles,* 5 Cal. (2d) 140 [53 Pac. (2d) 361]; *Skinner* v. *City of Los Angeles,* 5 Cal. (2d) 317 [54 Pac. (2d) 446]; *Shea* v. *City of San Bernardino,* 7 Cal. (2d) 688 [62 Pac. (2d) 365]; *Kelso* v. *Board of Education, City of Glendale, supra; Sandstoe* v. *Atchison, T. & S. F. Ry. Co.,* 28 Cal. App. (2d) 215, 223 [82 Pac. (2d) 216]; *Kline* v. *San Francisco U. School Dist., supra.*) There is no contention that the city and county controller could order the claim paid without suit.

The conclusions herein are based solely upon an action wherein the filing of the claim arises under the state Public Liability Act.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied May 23, 1941. Peters, P. J., voted for a rehearing.

Appellant's petition for a hearing by the Supreme Court was denied June 19, 1941. Carter, J., voted for a hearing.