[Civ. No. 12882. Second Dist., Div. Three. Feb. 27, 1942.]

MARGUERITE HELBACH, Respondent, v. CITY OF LONG BEACH (a Municipal Corporation), Appellant.

Irving M. Smith, City Attorney, Nowland M. Reid, Assistant City Attorney, and Clifford E. Hayes and Roy J. Brown, Deputies City Attorney, for Appellant.

Clyde Doyle and John Gee Clark for Respondent.

SCHAUER, P. J.—Plaintiff recovered judgment against the city of Long Beach for personal injuries sustained when, during darkness, she fell down an unlighted exterior stairway into the basement of a building erected, maintained and operated by the defendant city. She failed to file her claim for damages within the ninety-day period provided for by section 1 of Act 5149, Deering's General Laws, 1937, page 2204 (Stats. 1931, p. 2475) but did file such claim within the six-month period ordained in section 338 of the charter of such city (Stats. 1921, p. 2054, 2151). ■ Appellant (defendant) seeks reversal of the judgment on the ground, among others, that the requirements of the general law (Act 5149, *supra*) are applicable and mandatory. This position is well taken.

Respondent (plaintiff) endeavors to avoid the effect of the statute by arguing (1) that the building involved was operated by the defendant city in a proprietary capacity, that therefore it is liable for its tort regardless of the provisions of the Public Liability Act of 1923 (act 5619, Deering's Gen. Laws, 1937, p. 2630, Stats. 1923, p. 675) and that the limitation period of Act 5149, *supra* (Deering's Gen. Laws, 1937, p. 2204, Stats. 1931, p. 2475) controls claims under the Public

Liability Act but has no application to claims based on proprietary operations; (2) that the maintenance of the building was a purely municipal affair and that claims arising therefrom are controlled exclusively by the charter provision, which reads as follows: ''Sec. 338. All claims for damages . . . must be presented to the city council, and filed with the city clerk within six months after the occurrence for which the damages arose.'' (Stats. 1921, p. 2054 at 2151.)

The Public Liability Act of 1923, *supra,* makes a municipality (or county or school district) generally liable to be sued in tort actions for damages to person or property occasioned by the dangerous or defective condition of its public streets, buildings, grounds, or property, when its governing or managing board, or person having authority to remedy the condition, had knowledge or notice of the defect or danger and failed to remedy such condition or protect the public against it, within a reasonable time. This liability, insofar as it derives from instrumentalities used for purely governmental functions, is one created by the statute; without the statute the city would be liable only if the instrumentality was used by it in some proprietary enterprise. We deem it unnecessary, however, to determine whether the defendant city acted in a governmental or in a proprietary capacity in erecting and maintaining the building with which we are concerned, because in either case the limitation prescribed by act 5149 is applicable. The language of that statute is clear. ''Whenever it is claimed that any person has been injured . . . as a result of the dangerous or defective condition of any public street, highway, building, . . . or property, a verified claim for damages shall be presented in writing and filed with the clerk or secretary of the legislative body of the municipality . . . within ninety days after such accident has occurred.'' (Sec. 1, Act 5149, Deering's Gen. Laws, 1937, p. 2204, Stats. 1931, p. 2475.)

That act is not amendatory of, dependent upon, or limited by, the Public Liability Act of 1923, *supra* (Act 5619, Deering's Gen. Laws, 1937, p. 2630, Stats. 1923, p. 675; see *Johnson* v. *City of Glendale* (1936), *supra,* 12 Cal. App. (2d) 392-393 [55 Pac. (2d) 580] ); it purports to declare the limitation applicable *''whenever''* any person claims damages against a municipality arising out of the defective condition of *''any''* public street, highway, building, etc. To uphold respondent's position we should, in effect, have to write into that law words of limitation and exception making it read,

"*Only when* it is claimed that any person has been injured . . . as a result of the dangerous or defective condition of any public street, highway, building, . . . or property *not owned or operated or maintained in a proprietary capacity,* a verified claim for damages shall be presented," etc. We perceive no justification and have no authority for such judicial legislation. We must accept and apply the law as the legislature has written it.

Some of the decisions applying such law in cases where its constitutionality has been questioned, which cases were based upon the Public Liability Act, have suggested the fact that liability under such act is of purely statutory creation and that therefore it may be limited as the legislature sees fit (see *Johnson* v. *City of Glendale* (1936), *supra,* 12 Cal. App. (2d) 389, 395; *Young* v. *County of Ventura* (1940), 39 Cal. App. (2d) 732, 735 [104 Pac. (2d) 102]; *Wilkes* v. *City, etc., of San Francisco* (1941), 44 Cal. App. (2d) 393, 397 [112 Pac. (2d) 759]). If we were confronted with the question as to whether the ninety-day period was reasonable in the light of particular circumstances, such as that the plaintiff by reason of the very injuries for which she seeks to recover had been so incapacitated that she was physically or mentally unable to file her claim within the prescribed period, we might have occasion to inquire as to whether her cause of action existed at common law or was created by statute; i. e., whether the maintenance of the building was in a proprietary or in a governmental character. If it was created by statute she at best would have only what the law, however narrow, gave her, and that would be by way of bounty; but if her right existed independently of statute and were limited by some enactment, the reasonableness of operation of the limitation could be considered (see *Johnson* v. *City of Glendale* (1936), *supra,* 12 Cal. App. (2d) 389, 395). Here, however, we have no showing that the ninety-day period was unreasonable or that plaintiff could not as well have filed her claim within ninety days as within six months. It is on its face a reasonable provision (*Young* v. *County of Ventura* (1940), *supra,* 39 Cal. App. (2d) 732, 737) and is mandatory (*Thompson* v. *County of Los Angeles* (1934), 140 Cal. App. 73, 78 [35 Pac. (2d) 185]; *Johnson* v. *City of Glendale* (1936), supra, 12 Cal. App. (2d) 389, 393; *Von Arx* v. *City of Burlingame* (1936), 16 Cal. App. (2d) 29, 36 [60 Pac. (2d) 305]; *Cooper* v. *County of Butte* (1936), 17 Cal. App. (2d) 43, 45-50 [61 Pac. (2d)

516]; *Wilkes* v. *City, etc., of San Francisco* (1941), *supra*, 44 Cal. App. (2d) 393, 397; *Douglass* v. *City of Los Angeles* (1935), 5 Cal. (2d) 123, 128 [53 Pac. (2d) 353]; *Hall* v. *City of Los Angeles* (1941), 19 Cal. (2d) 198 [120 Pac. (2d) 13].) It is therefore immaterial whether the defendant city was acting in a governmental or in a proprietary capacity; in either event the ninety-day limitation of act 5149 was applicable.

Respondent also urges, as before noted, that the erection and maintenance of the building was a purely municipal affair and that therefore the procedure, including limitation of time, for filing claims against the city arising out of its tortious acts or omissions in connection with such building is likewise exclusively of municipal concern and governed by its charter. Even if we assume respondent's premise her asserted conclusion does not follow. The opening and maintenance of public streets is typically a municipal affair (*Byrne* v. *Drain* (1900), 127 Cal. 663, 667 [60 Pac. 433]; *Black* v. *Southern Pac. Co.* (1932), 124 Cal. App. 321, 335 [12 Pac. (2d) 981]) but liability for defective streets, including the procedure for enforcing it, is a matter of general state concern (*Wilkes* v. *City, etc., of San Francisco* (1941), *supra*, 44 Cal. App. (2d) 393, 397; *Douglass* v. *City of Los Angeles* (1935), *supra*, 5 Cal. (2d) 123, 128). Likewise, while a city can erect and maintain a public building as a municipal affair, any defective or dangerous condition in that building, if used by the public, is a matter of general state concern. This is true whether the building be operated in a governmental or in a proprietary capacity. As hereinabove stated, if the building be a proprietary undertaking the city is liable for its torts regardless of the provisions of Act 5619, *supra* (Deering's Gen. Laws, 1937, p. 2630; Stats. 1923, p. 675) and if it be governmental in character liability is imposed by that act. In either case the liability for tort, including procedure for its enforcement, is a matter of public concern. It was said in *Douglass* v. *City of Los Angeles* (1935), *supra*, 5 Cal. (2d) 123, at page 128, that "The important question of the liability of municipalities . . . for the tortious acts or omissions of their servants is a matter of general state concern, and not, as contended by the plaintiff, a municipal affair." In *Dept. of Water & Power* v. *Inyo Chem. Co.* (1940), 16 Cal. (2d) 744, at 753 [108 Pac. (2d) 410], the Supreme Court reiterated that rule, declaring "It is undisputed that the matter of the liability of and payment by a city for its tort is *not* a mu-

nicipal affair." The reasons for applying this rule to cities in proprietary enterprises are fully as cogent as when they are engaged in exclusively governmental activities. So also is it true that the benefits to be obtained from the early filing of claims required by Act 5149 are fully as important to cities (and to their taxpayers) when the claims arise from proprietary undertakings as when they derive from conduct of governmental functions. We find nothing in the case of *Jackson* v. *City of Santa Monica* (1936), 13 Cal. App. (2d) 376 [57 Pac. (2d) 226], or of *Cathey* v. *San Francisco* (1940), 37 Cal. App. (2d) 575 [99 Pac. (2d) 1109], which requires a conclusion contrary to that which we have reached. In the former case obviously the point was not before the court and in the latter it does not appear to have been considered.

 Since liability for tort is not a municipal affair the charter of defendant city (sec. 338, Stats. 1921, p. 2054, 2151) is non-operative in this case. The city had no power either to extend or to diminish the time fixed by the state law for filing a claim for damages arising out of the defective condition of a building erected and maintained by it (see *Young* v. *County of Ventura* (1940), *supra,* 39 Cal. App. (2d) 732, 736; *Kelso* v. *Board of Education* (1941), 42 Cal. App. (2d) 415, 420 [109 Pac. (2d) 29]; *Wilkes* v. *City, etc., of San Francisco* (1941), *supra,* 44 Cal. App. (2d) 393, 397).

The judgment is reversed with directions to the trial court to enter a judgment dismissing the action.

Shinn, J., and Wood (Parker), J., concurred.