[Civ. No. 24483. Fourth Dist., Div. One. Aug. 18, 1982.]

Adoption of KATHERINE A., a Minor.
CLAIR A. et al., Plaintiffs and Respondents, v.
DEPARTMENT OF SOCIAL SERVICES, Defendant and Appellant.

COUNSEL

George Deukmejian, Attorney General, Thomas E. Warriner, Assistant Attorney General, Anne S. Pressman and G. R. Overton, Deputy Attorneys General, for Defendant and Appellant.

J. Jackson Wills for Plaintiffs and Respondents.

OPINION

**STANIFORTH, J.**—Clair and Carol A. petitioned (June 1978) to set aside an adoption decree entered November 24, 1964. After arguments over pleadings and amendment to the pleadings, the court appointed an attorney to represent the adopted minor, Katherine A. The trial court then found the petition was legally sound, capable of being filed and

after hearing annulled the adoption of the minor. The court made no finding as to the further adoptability of the child as required by statute.

## FACTS

Katherine A. was born February 27, 1964. The A.s adopted her by decree obtained November 24, 1964. Evidence concerning the child's early development described Katherine as slow to sit, walk and talk. Although the minor was seen by physicians from time to time and by a psychiatrist, there was no professional health report concerning the health of the minor nor were any tests done until the minor was in seventh grade. The minor was not examined by a physician before adoption although she was in a hospital until taken home after her birth.

In 1977, 13 years after the final decree of adoption, Katherine began to exhibit aggressive and abusive acts. At that time she was expelled from school. The same year she was found to be gravely disabled and commenced receiving treatment in San Diego and later in state hospitals on an in-patient basis. On behalf of the adoptive parents, Dr. Thomas L. Trunnel, testified the minor has psychomotor epilepsy, brain damage, Trisomy-X and borderline low intelligence. Dr. Trunnel is of the opinion the minor will be institutionalized for the rest of her life. He states the disorders were not observable until 1977. He is of the further opinion that slow development of the minor did not manifest the type of problems which he now diagnoses. He says the adoption should be set aside in the best interest of the minor. Finally, Dr. Trunnel concluded the minor is suffering from a mental illness.

Dr. Lorna M. Forbes testified on behalf of the minor. Dr. Forbes says Dr. Trunnel's opinion and diagnoses are erroneous. The minor does not have psychomotor epilepsy nor brain damage; the minor is not mentally ill nor mentally retarded. Further, she testified the minor could be relinquished for adoption. The State Department of Social Services urged the dismissal of the petition on the basis the A.s' petition was filed long after the time limitations as set forth in Civil Code sections 227b and 227d. Section 227d provides: " ... Any action or proceeding of any kind whatsoever to vacate, set aside, or otherwise nullify a decree of adoption on any ground other than a defect or irregularity of procedure *must be commenced within five years after entry of the decree. In any case in which the decree of adoption was entered before the effective*

*date of this section, the period of limitation prescribed in this section shall run from and after such effective date."* (Italics added.)

█ It is urged the petitioners did not comply with the time limitations set out in Civil Code section 227b which requires, inter alia: "The petition *must* be filed within whichever is the later of the following time limits: (a) *within five years after the entering of the decree of adoption, or (b) within one year after the effective date hereof,* if such a condition were manifest in the child within five years after the entering of the decree of adoption." (Italics added.)

The A.s' petition was filed more than five years after the decree of adoption. The petitioners argue, however, section 227b authorizes the petition. Section 227b provides that a petition to set aside an adoption may be filed "within one year after the effective date hereof." This statute was first adopted in 1951. Petitioners argue that the reference in the statute to the "effective date hereof" refers to the *most recent amendment* to section 227b which occurred in 1978. Therefore, petitioners reason they would have one year from 1978 to file their petition to set aside an adoption and would not be required to file within the five years as set forth in section 227b.

Section 227b was enacted in 1937. There have been many modifications to that section since that time limited however to changes in the name of the responsible state departments and in the nomenclature for developmental disability. The purpose of section 227b was to allow adoptive parents who, as of 1937, had adopted children more than five years before 1937, to take advantage of section 227b. It was in essence a "grandfather" clause allowing a limited group of people to take advantage of the then new provision. Later clarification of the procedures did not change the substance of the statute. Such later amendment in clarifications cannot be deemed a reenactment of the statute sufficient to renew the original one-year period of limitations. (See *Johnson v. City of Glendale* (1936) 12 Cal.App.2d 389, 392-393 [55 P.2d 580]; *Miramar Co. v. City of Santa Barbara* (1943) 23 Cal.2d 170, 192 [143 P.2d 1]; Sands, Statutes and Statutory Construction (4th ed. 1972) § 22.24, p. 162.) Clearly, the change of name of a department or substitution of one for another is not substantive. The term "effective date hereof" refers to the *original* enactment of this code section in 1937 and not to the later subsequent technical amendments.

■ Finally the trial court failed to make a finding of further non-adoptability as required by statute. Civil Code section 227b requires a determination be made in each case seeking to set aside an adoption that the minor is so affected by the mental illness or developmental disability that the minor cannot be relinquished to an adoption agency. In effect this is a finding the child is considered unadoptable. The trial court failed to satisfy this element of the statute. If the A.s' petition were timely, which it was not, they were required to prove the facts necessary to satisfy the requirements of Civil Code section 227b. Petitioners have not done so. They have produced no evidence concerning the adoptability of this minor. This deficiency was pointed out to the court and no attempt has been made to reopen to correct the deficiency.

The judgment of the trial court is reversed with direction to dismiss the proceedings because the action is barred by the statute of limitations.

Cologne, Acting P. J., and Reed, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.